# Edmundson, Appellant, *v.* Monongahela Light & Power Company.

*Negligence—Electric light company—Contributory negligence—Nonsuit.*

Where a person desiring to communicate with the superintendent of a light and power company on business, goes, not to the office of the company, but to a transformer room where the superintendent is engaged, and where there is nothing in connection with the room to invite entrance by the public, and the superintendent when addressed tells his caller to wait a minute, and the latter, in order to avoid some workmen, backs without looking, against a piece of machinery and receives an electric shock, he has no standing to recover from the company damages for his injuries.

Argued Oct. 20, 1908.   Appeal, No. 81, Oct. T., 1908, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 834, refusing to take off nonsuit in case of Levi H. Edmundson v. Monongahela Light & Power Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before BROWN, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Geo. A. Johnson,* with him *John F. Edmundson,* for appellant, cited: Hydraulic Works Co. v. Orr, 83 Pa. 332; Kay v. R. R. Co., 65 Pa. 269.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* for appellee, cited: Gillis v. Penna. R. R. Co., 59 Pa. 129; Gramlich v. Wurst, 86 Pa. 74; Moore v. R. R. Co., 99 Pa. 301; Gillespie v. McGowan, 100 Pa. 144; R. R. Co. v. Schwindling, 101 Pa. 258; Thompson v. B. & O. R. R. Co., 218 Pa. 444; MacLean v. Burnham, 19 W. N. C. 53.

Opinion by Mr. Justice Stewart, January 4, 1909:

The plaintiff received his injuries by coming in contact with a heavily charged piece of machinery in the transformer room of the defendant's power plant, where he had gone with a view to purchase some old sheet iron or junk which a day or two previous he had seen stacked somewhere in the yard. He had not learned through any public announcement made by the company, nor through anyone competent to speak for it, that this material was for sale. Inquiring of some workmen whom he saw employed about the place, he was told that if he wanted to do business, he would have to see the superintendent. On the day of the accident, meeting a workman some distance from the premises, he learned from him that the superintendent was then at the plant and he could see him if he went promptly. The company had been making changes in its building and machinery, and at this particular time the wall of the building next to the street and about what had been a door for general entrance, had been taken down for a distance of some twenty-five feet. A considerable part of the room in which plaintiff was injured was thus exposed to the street. Through this opening the plaintiff entered and advanced some five or six feet to where the superintendent was standing, engaged at the time in inspecting a transformer. Addressing the superintendent plaintiff said, "I would like to speak to you." The superintendent replied, "Wait a minute." While waiting, one of the men there employed was about to pass between the plaintiff and the superintendent, when the plaintiff, to increase the distance between them, retreated a step or two without looking where he was going, and encountered the machinery from which he received the current that injured him. With these facts shown at the trial and nothing beyond, a nonsuit was directed. The motion to take off the nonsuit was refused and this appeal results.

It is contended by counsel for appellant that the plaintiff in entering the transformer room of defendant, was not an intruder or a mere licensee, but that he entered on invitation of the defendant; and once having entered was invited to remain. Under such conditions as here stated, unquestionably a duty

would have rested on the defendant, to exercise reasonable care to avoid injury to the plaintiff while he was on the premises. But does the evidence exhibit any such conditions? The plaintiff does not pretend that he entered the transformer room supposing it was the place where the defendant transacted its business with its patrons or customers. He entered it to see the superintendent who he was told by someone was then there. His case discloses nothing in the situation or surroundings which could have led anyone into the belief that it was the room into which the public were invited for purposes of business or otherwise. Every appearance indicated that it was a workroom and nothing else. If from the fact that the wall was down and the room thereby exposed, an implication of invitation to enter at that place arises, such implication certainly could not extend to others than those whose employment was there. The defendant having done nothing and suffered nothing to indicate to the public that they were free to enter the room, no duty rested on it to anticipate the entry of the plaintiff and make provision for his safety. In going into the room he took the risk of the place, and shared the common danger to which all were exposed by reason of the machinery being as it was. Nothing that was said to him after he entered imposed any higher duty on the defendant with respect to his safety. It does not appear that the superintendent knew who he was, how he came into the room, or for what purpose. The superintendent was at the time engaged in work about a transformer. When plaintiff told him that he wanted to speak to him, the reply he received "Wait a minute" was simply notice that the superintendent could not be interrupted at that moment in his work. Except as the superintendent had reason to believe that the party interrupting him was under some disability, ignorance, or helplessness of some kind, which exposed him to peculiar liability to injury in the place he was, no duty could have rested on him to caution the party with respect to the machinery about him. He had a right to assume, until otherwise informed, that the party was one who had a right to be there, or that being there he was able to take care of himself. To construe the remark of the superintendent into an invita-

tion to remain would require us to hold, if plaintiff was in fact simply an intruder, that the defendant could only escape the duty of looking after his safety by promptly turning him out.

.Apart from this feature of the case the learned trial judge is of the opinion that recovery by the plaintiff was made impossible by reason of his contributory negligence. In a place which any person of ordinary intelligence would understand as dangerous, the plaintiff retreated backward from where he was standing clear of all contact with any of the machinery, without looking where he was going, until he encountered the machine from which he received the electric current. Even if negligence on the part of the defendant had been shown, plaintiff's contributory negligence was too evident to permit a recovery. The nonsuit was properly ordered.

Judgment affirmed.