**Robert J. EMGE, Appellant,**

**v.**

**Gary S. HAGOSKY, Bernard H. Mutschler, Individually and Gary S. Hagosky and Bernard H. Mutschler, t/d/b/a Skyler Builders, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1998.

Filed April 29, 1998.

Todd Berkey, Pittsburgh, for appellant.

Louis C. Long, Pittsburgh, for appellees.

Before DEL SOLE, HUDOCK and ORIE MELVIN, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment entered after the trial court granted a compulsory nonsuit at the close of Appellant's case. The court ruled that Appellant was unable to prove that he was a business invitee on the premises where he was injured because there was no proof of an invitation, and even if there was an invitation, Appellant exceeded the scope of the invitation. Thus, the court concluded Appellant had the status of a mere trespasser and was unable to prove a prima facie case of negligence. We reverse.

Appellant brought an action seeking to recover damages for injuries he received as a result of a fall into an unguarded hole in the floor of a home under construction. The case proceeded to a jury trial where Appellant testified that he was employed by a roofing supply company as an outside sales representative at the time of the accident. Appellant began dealings with Appellee, Mr. Mutschler, a principal of Appellee, Skyler Builders, a few months before the accident when Mr. Mutschler inquired about the pur-

chase of specialty shingles from Appellant's employer. Appellant was assigned to the Mutschler account and delivered sample shingles to Mr. Mutschler's office on two occasions. Thereafter, Mr. Mutschler purchased shingles from Appellant's employer. A few days prior to the accident Appellant went to the construction site to facilitate delivery of the shingles. The shingles arrived on a boom truck and were lifted to the roof after Appellant spoke to the operator to ensure the entire order was delivered. He then went to Mr. Mutschler's home, which was located directly behind the home under construction, to receive payment.

Mr. Mutschler contacted Appellant a few days later inquiring about the purchase of roofing vents. When Mr. Mutschler expressed concern over the travel distance to the roofing supply company, Appellant offered to deliver the vents to the construction site. Arrangements were made regarding payment and Appellant was again directed to pick up a check at Mr. Mutschler's home, in the back of the home under construction. Appellant loaded the roof vents into his company car and drove to the construction site where he saw two men working on the roof. Appellant announced himself and as a result of what these workers told him,[1] Appellant entered the front door of the house to place the roofing vents inside. Appellant testified that it was customary to place supplies inside the house being constructed because it was a secure spot and would protect against theft, damage or accidents. After entering the home Appellant took a few steps before he fell through an uncovered and unguarded hole in the floor.

Appellant also offered the testimony of an expert, a forensic engineer, who testified about safety regulation of residential construction sites. He opined that the defendants' failure to guard the open hole created a dangerous condition and violated the requirements for construction safety as set forth in various codes and regulations.

---

1. An objection based on hearsay was sustained regarding content of Appellant's conversation ·with these workers.

At the close of Appellant's evidence Appellees moved for a compulsory nonsuit, which the court granted. Although the court ruled there was sufficient testimony to go to the jury on the question of negligence, it held the real issue was Appellant's status as a business invitee or a trespasser. The court found that even if Appellant was able to prove he was a business invitee, he exceeded the scope of his invitation and became a trespasser when he entered the unfinished home. Appellant filed a motion to remove the compulsory nonsuit. When the court failed to act on the motion within 120 days Appellant filed a praecipe for entry of judgment. Pa.R.Civ.P. 227.4(1)(b). This timely appeal followed.

An order denying a motion to remove a compulsory nonsuit will be reversed on appeal only for an abuse of discretion or error of law. *Kuriger v. Cramer,* 345 Pa.Super. 595, 498 A.2d 1331 (1985). A trial court's entry of compulsory nonsuit is proper where the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action, and it is the duty of the trial court to make a determination prior to submission of the case to a jury. *Poleri v. Salkind,* 453 Pa.Super. 159, 683 A.2d 649 (1996). In making this determination the plaintiff must be given the benefit of every fact and all reasonable inferences arising from the evidence and all conflicts in evidence must be resolved in plaintiff's favor. *American States Ins. Co. v. Maryland Cas. Co.,* 427 Pa.Super. 170, 628 A.2d 880 (1993).

The standard of care a possessor of land owes to one who enters upon the land depends upon whether the latter is a trespasser, licensee, or invitee. *Jones v. Three Rivers Management Corp.,* 483 Pa. 75, 394 A.2d 546 (1978). If Appellant had the status of a trespasser at the time of his injury he could only recover if the defendants were guilty of willful or wanton misconduct. *Dudley v. USX Corp.,* 414 Pa.Super. 160, 606 A.2d 916 (1992). Appellant alleged neither willful nor wanton misconduct in this case. Appellant sought to establish that he enjoyed the status of a business invitee.

A business invitee is a person who is invited to enter or remain on the land of another for a purpose directly or indirectly connected with business dealings with the possessor of the land. *Palange v. Philadelphia Law Dept.,* 433 Pa.Super. 373, 640 A.2d 1305 (1994), citing Restatement (Second) of Torts § 332 (1965). One who by local custom or a persistent course of conduct reasonably believes that their presence is desired or permitted for the purpose of doing business is also considered a business invitee. Restatement (Second) of Torts § 332 Comment c and e. Further one may enter the premises as a business visitor but may during the stay become a trespasser if they enter upon a portion of the premises where their presence is not reasonably foreseen. *Parsons v. Drake,* 347 Pa. 247, 32 A.2d 27 (1943). However, where it is customary and usual for a business visitor to enter a different part of the premises to fulfill the business purpose, the visitor's status will not change to that of a trespasser. *Barron v. Hydrotated Anthracite Fuel Co.,* 159 Pa.Super. 35, 46 A.2d 506 (1946).

The duty owed to a business invitee is the highest duty owed to any entrant upon land. *Crotty v. Reading Industries,* 237 Pa.Super. 1, 345 A.2d 259 (1975). The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care. *Id.*

In this case both the trial court and Appellees argue that Appellant was merely a trespasser on the property. Appellees suggest that Appellant was not specifically asked or instructed to deliver the goods to Mr. Mutschler, rather he took such action on his own to advance his own business dealings. The testimony offered by Appellant indicated that Mr. Mutschler expressed some reluctance to travel the distance to the supply store to purchase the roof vents. Appellant offered to deliver these items to the property and Mr. Mutschler accepted this offer as evidenced by his direction that Appellant should receive payment at the Mutschler home located behind the construction site. This provides ample evidence that Appellant was ex-

pected on the property to deliver goods as he had done in the past.

However, the question remains whether, in order to fulfill the business purpose, Appellant went outside of the area where his presence would have been expected when he went inside the unfinished house. Appellee argues that if Appellant was not a trespasser when he came onto the property, he became one when he entered the home under construction without consent.

Appellant testified that he entered the unfinished house in an effort to deliver the roofing vents inside, in a protected area. He explained that this was the usual course of conduct on delivery and that it was undertaken to avoid theft or damage and to protect others from tripping over items placed on the ground. There was also testimony that workers at the site were made aware of Appellant's presence and his entry into the house. Appellant further testified that as a result of what these workers said to him he went to the front of the house to put the vents inside.

 We conclude from the testimony offered that the trial court erred in ruling Appellant was a trespasser as a matter of law. There was sufficient testimony presented to submit the matter to the jury to determine Appellant's status at the time of his fall. Appellant offered evidence to establish that his presence at the site was expected to fulfill a business purpose and that his entry into the home may have been foreseen or directed. Giving Appellant the benefit on every fact and all reasonable inferences, *American States Ins. Co. v. Maryland, supra*, there is evidence, if believed, to support a conclusion that Appellant was a business invitee when the accident occurred. Thus, it was improper to take this question away from the jury. See *Long v. Manzo*, 452 Pa.Super. 451, 682 A.2d 370 (1996)(classification of child injured in a dive into a neighbor's swimming pool as a trespasser or a licensee should have been resolved by the jury); *Slavish v. Ratajczak*, 277 Pa.Super. 272, 419 A.2d 767 (1980)(given the conflict presented by the evidence the court properly left to the jury the determination of the plaintiff's legal status on the premises); *Carpenter v. Penn Central*

*Transp. Co.*, 269 Pa.Super. 9, 409 A.2d 37 (1979)(status of decedent who was electrocuted when he sought to retrieve clothing from the top of a train car was not so clearly established that the court could determine that he was a trespasser and enter judgment n.o.v.). Accordingly, the judgment is vacated and the court's grant of Appellees' motion for compulsory nonsuit is reversed.

Judgment vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.