**Shay v. Manda**

C.P. of Monroe County, no. 3824 CV 2003.

*Joan D. Gallagher,* for plaintiff.
*Joanne Kelhart,* for defendants.

SIBUM, *J.,* December 7, 2010—This matter comes before the court on defendants' motion for summary judgment. Plaintiff commenced this action seeking damages for injuries sustained as a result of falling in a hole on defendants' property. Plaintiff claims defendants were negligent in allowing a dangerous hole to remain on their

property and for failing to warn plaintiff of the hazardous condition. Plaintiff filed a complaint on May 29, 2003. On July 24, 2003, defendants filed an answer and new matter, and plaintiff responded by filing an answer to new matter on August 6, 2003. Defendants then filed a motion for summary judgment on September 28, 2010. Both parties have submitted briefs, and oral arguments were scheduled for November 1, 2010. Counsel for defendant appeared at argument, but plaintiff's counsel did not. We are now prepared to decide this matter.

## DISCUSSION

Pennsylvania Rule of Civil Procedure §1035.2 permits the trial court to dismiss an action after the close of pleadings where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 204, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment may only be entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. *Brecker v. Cutler*, 578 A.2d 481 (Pa. Super. 1990).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co.*, 522 Pa. 367, 369, 562 A.2d 279, 280 (Pa. 1989). Only when the facts are so clear that reasonable minds cannot differ may a trial court properly enter summary judgment. *Basile v. H&R Block*, 563 Pa. 359, 761 A.2d 1115 (2000). The trial court must view

the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Potter v. Herman,* 762 A.2d 1116 (Pa. Super. 2000). The moving party bears the burden of proving that no genuine issue of material fact exists. *Long v. Yingling,* 700 A.2d 508, 512 (Pa. Super. 1997).

In response to a motion for summary judgment, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). Failure to allege such specific facts will result in summary judgment, if appropriate, against the non-moving party. Pa.R.C.P. 1035.3; *Overly v. Kass,* 554 A.2d 970 (Pa. Super. 1989). The court must also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employers Mut. Cos.,* 440 A.2d 616 (Pa. Super. 1982). The court must ignore contested facts contained in the pleadings and restrict its view to allegations in the pleadings that are uncontroverted and to material filed in support of and in opposition to a motion for summary judgment. *Nationwide Mutual Ins. Co. v. Nixon,* 682 A.2d 1310, 1313 (Pa. Super. 1996), allocator denied, 693 A.2d 589 (Pa. 1997) (citation omitted).

In the case now before the court, plaintiff contends that defendants were negligent in failing to maintain their premises in a reasonably safe condition. Defendants, on the other hand, filed a motion for summary judgment claiming that the condition encountered by the plaintiff was a natural condition of the wooded area and not an artificial condition on the land created by defendants.

Furthermore, defendants aver that plaintiff voluntarily encountered the natural condition of the property during the course of his employment and therefore assumed the risk of injury. As such, defendants contend that there are no genuine issues of material fact regarding liability in this case and they are entitled to summary judgment.

In order to render our decision on defendants' motion for summary judgment, we must review the facts in the light most favorable to the non-moving party. In doing so, the record reveals the following. On August 27, 2001, plaintiff, an employee of Ehrlich Pest Control Co., was in the process of spraying defendants' property for insects and general pest control. [Complaint, ¶4; answer, ¶4; MSJ ¶3.][1] While spraying the property, plaintiff claims he suddenly fell due to a dangerous condition. *Id.* Plaintiff testified during a deposition that he was walking on wet[2], leaf-covered ground down a sloped, dirt area around the perimeter of the home when he felt the ground give way, and he believed his leg fell into a hole. [MSJ, ¶3, 4; Exhibit B, pg. 35-38.] Plaintiff further testified he had serviced defendants' property several times before as their regular technician and that the property was located in a wooded area with areas of the property that were not level. [MSJ, ¶3,4; Exhibit B, pg. 22.] During the course of his employment, plaintiff had treated other properties in the Pocono area similar to defendants' but did not take any precautions besides being observant when servicing a

---

1. Reference to defendants' motion for summary judgment will be cited as [MSJ, ¶___.]

2. Plaintiff testified that it had rained before he came to defendants' residence and that it was still raining very lightly while he was treating the property. [MSJ, Exhibit B, pg. 36-37.]

home in a wooded area. [MSJ, Exhibit B, pg. 39-40.]

Plaintiff avers that notwithstanding its duty, defendants carelessly, recklessly and/or negligently permitted their property, and specifically the area where plaintiff was spraying for general pest control, to be and remain in a dangerous condition for travel thereon. [Complaint, ¶8.] Plaintiff further avers that defendants were on notice that the area where the incident occurred would be utilized as a path of travel by plaintiff. *Id.* at 9.

Defendants, in their motion for summary judgment, claim that plaintiff, as part of his employment, was required to walk in wooded areas to conduct pest control, and that plaintiff was also walking on sloped ground and fell in a natural condition of the wooded area. [MSJ, ¶4, 7,10.] Defendant Noreen Manda testified during her deposition that she had no knowledge of that particular hole but was aware of groundhogs on her property. [MSJ, Exhibit B, pg. 19.] Defendants further aver that they had no notice of any dangerous condition of the premises and therefore, had no obligation to protect the plaintiff. Accordingly, defendants argue that there is no genuine issue of material fact as to liability and their motion for summary judgment should be granted. We agree.

Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances. *Martin v. Evans*, 551 Pa. 496, 502, 711 A.2d 458, 461 (Pa. 1998), citing *Lanni v. Pennsylvania R. Co.*, 371 Pa. 106, 88 A.2d 887 (Pa. 1952). To recover under a claim for negligence, the plaintiff must prove the following elements: "that the defendant owed a duty of

care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage." *Martin*, 711 A.2d 458 at 502. The mere occurrence of an accident does not establish negligent conduct; rather, the plaintiff carries the burden of establishing that the defendant engaged in conduct that deviated from the general standard of care expected under the circumstances. *Id.*

Under the negligence standard, we must first determine whether defendants owed a duty of care to plaintiff at the time the incident occurred. In the instant case, defendants would essentially owe a duty to plaintiff as an invitee. The status of invitee is defined as follows:

(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land. *Updyke v. BP Oil Co.*, 717 A.2d 546, 549 (Pa. Super. 1998).

To have status as a "business visitor," one must enter another's premises for the mutual benefit of himself and the occupant and the purpose of his entry must be one connected with business dealings between them. *Parsons v. Drake*, 347 Pa. 247, 249, 32 A.2d 27, 29 (Pa. 1943). A worker entering defendants' property for the purpose

of spraying for insects and pest control, as a benefit to defendants for service and plaintiff for payment, meets this definition.

The duty of care owed to a business invitee is the highest duty owed to any entrant upon land. *Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 63 (Pa. Super. 2006). "The landowner must protect an invitee not only against known dangers, but also against those which might be discovered with reasonable care." *Id.* A possessor of land owes an invitee the duty to protect the invitee from foreseeable harm. *Banks v. Trustees of Univ. of Pennsylvania*, 666 A.2d 329, 331 (Pa. Super. 1995). Pennsylvania case law sets forth the duty that a possessor of land owes to business invitees as follows:

A possessor of land is liable for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) Knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) Should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) Fails to exercise reasonable care to protect them against the danger. *Chenot*, 895 A.2d at 63 (citing Restatement (Second) of Torts, §341).

Further, the law does not impose liability if it is reasonable for the possessor to believe that the dangerous

condition would be obvious to and discovered by his invitee. *Banks*, 666 A.2d at 332.

Here, plaintiff claims to have fallen while he was walking on wet, leaf-covered ground down a sloped, dirt area around the perimeter of defendants' home. As he walked, he felt the ground give way, and he believed his leg fell into a hole. We do not find that the wet, leaf-covered, sloped land upon which plaintiff fell constitutes a dangerous condition that involves unreasonable risk of harm to plaintiff. Nor do we find that a hole such as that described in this case is a dangerous condition which presents an unreasonable risk of harm. Further, the record is devoid of any evidence which would have placed defendants on notice that the ground in question would "give-way" when walked on by plaintiff or that the alleged hole was visible or even discoverable by defendants.

In addition, defendants had no reason to expect that plaintiff would not realize the alleged danger that he claims caused his fall or that plaintiff would fail to protect himself from such danger. Defendants and plaintiff acknowledged that defendants lived in a wooded area. Plaintiff further acknowledged that he had worked at defendants' property as their pest control technician on several occasions prior to the incident. He also stated he was familiar with the layout of defendants' property and the conditions of the area such as the sloping of the ground and the nature of the surrounding perimeter. Defendants had no reason to expect that plaintiff would not take the proper precautions to protect himself from falling while walking on their property.

In addition, defendants' home is located in a wooded area of a largely rural county. It is not uncommon for animals such as ground hogs, moles, voles, and skunks to create holes in residential properties and yards. We are loathe to create a duty upon all property owners to discover and warn others of such conditions in order to avoid liability caused by these natural activities.

Finally, plaintiff is unable to set forth the cause of his injury with any degree of certainty. It is well-established that a cause of action cannot be premised upon mere speculation or conjecture. *Orner v. Mallick*, 639 A.2d 491, 492 (Pa. Super. 1994). Here, plaintiff admits that he does not know what caused him to fall.

While he speculates that he fell in a hole, plaintiff's own deposition testimony indicates that he did not see what caused him to fall. Plaintiff testified as follows:

Q. Now, it is still a little rainy, and you are pulling this thing, then you encounter the hole. Can you tell me while you were walking, did you ever see this hole before you fell in it?

A. Never.

Q. Can you describe for me how it happened?

A. I was dragging the hose off of the reel from the sprayer. I was leaning forward walking at a fast pace. And the next I know, my leg is in the hole. I fell forward and did a split.

Q. Do you recall telling your employer or any of the physicians that you slipped and went into a hole?

A. No.

Q. It is your contention that you stepped in the hole?

A. When I stepped there, my leg went in the ground.

Q. Do you recall as you were stepping down feeling nothing under you?

A. Yes. When I stepped there where the hole was, my leg went into the ground.

Q. As you are walking, sir?

A. Yes.

Q. Do you recall seeing any area at all that looked like there was a hole there?

A. No.

Q. Let me show you this answer. You had to give us some answers to some questions. Basically number three D what was asked was for a full and complete description of any change in the appearance of any such defect, condition, et cetera, et cetera. Your answer here was when I stepped forward, my left foot, the earth gave way and I realized the ground beneath me was hollow. Is that the explanation that you gave your lawyer?

A. If it is, it was put down wrong. [MSJ, Exhibit B, pg. 37, 38, 43.]

Given the weather and ground conditions, plaintiff's fall could have been caused by any number or combination of factors. Because plaintiff was unable to satisfy the

elements of either duty or causation, defendants' motion for summary judgment will be granted.

Accordingly, we enter the following order.

## ORDER

And now, December 7, 2010, defendants' motion for summary judgment is granted.