J-A04043-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RONALD AND SUSAN MEDVED, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| AUTO SHOWER II, INC., | : | |
| | : | |
| Appellee | : | No. 1128 WDA 2014 |

Appeal from the Order Entered June 17, 2014,
in the Court of Common Pleas of Allegheny County,
Civil Division, at No(s): No. GD 12-7450

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED APRIL 02, 2015**

Ronald and Susan Medved (Appellants) appeal from the June 17, 2014 order granting summary judgment in favor of Auto Shower II, Inc. (Auto Shower).  We affirm.

On April 27, 2012, Appellants filed a complaint against Auto Shower, which owns and operates a self-service car wash facility.  Therein, Appellants alleged that, at approximately 5:00 p.m. on February 8, 2011, Mr. Medved pulled his vehicle into a car wash bay in order to wash his vehicle.  Complaint, 4/27/2012, at ¶12.  Mr. Medved then exited his vehicle and began walking toward a change machine located on the premises, at which point he "slipped, slid and/or fell to the ground while he was attempting to traverse the sidewalk[,] … which was in a dangerous, slippery, unsafe and hazardous condition due to the existence of ice, thus sustaining severe and

*Retired Senior Judge assigned to the Superior Court.

serious personal injuries … ." **_Id._** at ¶¶ 13-14. Appellants maintained that the accident was caused by the negligence of Auto Shower in, _inter alia_, allowing an accumulation of ice to exist on the premises, thereby creating a dangerous condition. **_Id._** at ¶16.

Auto Shower eventually filed a motion for summary judgment. Among other averments, Auto Shower alleged that Appellants had failed to produce sufficient evidence establishing what actually caused Mr. Medved's fall. On June 17, 2014, the trial court entered an order granting summary judgment in favor of Auto Shower and dismissing Appellants' claims with prejudice. Appellants timely filed a notice of appeal.

Appellants present the following issues for our consideration:

1. Whether the trial court properly granted summary judgment in favor of [Auto Shower] where genuine issues of material fact exist and where discovery had yet to close?

2. Whether the trial court properly granted summary judgment where []Appellants offered direct and circumstantial evidence to establish that [Auto Shower] breached its duty to [Mr.] Medved, a business invitee, who slipped, fell and sustained injuries as a result of a dangerous condition, while present on [Auto Shower's] business premises?

Appellants' Brief at 4 (trial court answers omitted).

Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the

summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

**Krauss v. Trane U.S. Inc.**, 104 A.3d 556, 562-63 (Pa. Super. 2014) (quoting **Shepard v. Temple University**, 948 A.2d 852, 856 (Pa. Super. 2008)).

We begin our analysis mindful of the following. "The mere fact that an accident occurred does not give rise to an inference that the injured person was the victim of negligence." **Estate of Swift v. Northeastern Hosp. of Phila.**, 690 A.2d 719, 722 (Pa. Super. 1997). "To establish a cause of action sounding in negligence, a party must demonstrate [he or she was] owed a duty of care by the defendant, the defendant breached this duty, and this breach resulted in injury and actual loss." **McCandless v. Edwards,** 908 A.2d 900, 903 (Pa. Super. 2006).

"The standard of care a possessor of land owes to one who enters upon the land depends upon whether the latter is a trespasser, licensee, or invitee." **Emge v. Hagosky**, 712 A.2d 315, 317 (Pa. Super. 1998). In the instant case, the parties do not dispute that Mr. Medved was a business

invitee. "The duty owed to a business invitee is the highest duty owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." ***Id.*** (citation omitted).

> Possessors of land owe a duty to protect invitees from foreseeable harm. With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee[s], and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

***Carrender v. Fitterer***, 469 A.2d 120, 123 (Pa. 1983) (citations and quotation marks omitted) (quoting Restatement (Second) of Torts § 343 (1965)).

Appellants argue that, through Mr. Medved's deposition testimony as well as circumstantial evidence, they have presented evidence which could establish that Mr. Medved's fall was caused by the existence of black ice on Auto Shower's premises. The trial court disagreed, reasoning that, as a matter of law, Appellants failed to produce sufficient evidence establishing not only what the specific defect was that caused Mr. Medved's fall, but also

how it was placed upon the ground and/or how long it may have existed there. We agree with the trial court.

With regard to the cause of his fall, Mr. Medved testified at his deposition that he "got out of [his] truck, walk[ed] towards the change machine, and then [he] just slipped on some black ice, and the next thing you know, [he] was on the ground." Deposition of Mr. Medved, 6/19/2013, at 12. Later in the deposition, Mr. Medved repeated that he "slipped on ice[, his] feet went out[, he] landed wrong[,] and [he] broke [his] leg." *Id.* at 63-64.

Notwithstanding these statements, however, Mr. Medved indicated that he did not see any snow, salt, or ice on the ground on the day of the incident. *Id.* at 25, 27, 32, 49, 51, 57, 64, 67-68. Mr. Medved further indicated that, after he fell, he did not look in the area where he fell, though he felt that his clothes were wet. *Id.* at 27. When asked if it was correct that he had not done "any investigation or looking around or feeling around to actually pinpoint whether or not that was a patch of ice that [he] fell on, but [that] it was an assumption on [his] part," Mr. Medved stated that was correct. *Id.* at 45. Mr. Medved further indicated as follows:

> I don't know if it's black ice you want to call it or what you want to call it, but I was being careful and just walking like I always do, and I'm not a clumsy person, and I just -- I hit something that took my feet out from me, and that's all that really happened.

… I'm just telling you that I slipped, and … I mean, I really have nothing else to say about it other than that.

*Id.* at 67-68.

Moreover, Mr. Medved testified as follows with regard to other possible causes of his fall:

Q. And you don't -- you can't be sure that it might have been soapy water you slipped on, correct?

A. Absolutely not.

Q. And how do you know that?

A. Because of the way -- there's no way you can slip like that on soapy water. There's no soapy water -- how could there be soapy water in that bay when I didn't even wash my truck yet? My truck wasn't even washed yet. That bay was empty. There was no soapy water. There's a drain there. How can there be soapy water out here (indicating)? There's no way that could have been soapy water, sir. That's my opinion. No way. Not the way -- that's my opinion.

Q. You don't know whether it could have been oil from a leaking vehicle, do you?

[Counsel for Appellants]: I'm going to object as leading.

[Counsel for Appellee]: This is cross-exam.

[Counsel for Appellants]: Okay. You're going to place your objections; I'm going to place mine. It's a leading question.

[Counsel for Appellee]: I agree.

A: You want me to -- what do you want me -- you want me to say could it have been oil? I don't believe it was oil.

Q: But you don't know one way or the other, do you?

A:   No.

Q:   There was a slippery substance that you encountered, and your feet went out from under you, correct?

A:   Yes.

Q:   Beyond that, you don't know what that substance was other than speculation or assumptions, right?

A.   Correct, or what the other witness had to say as far as -- I mean, I don't know if he said it was oil.  I don't know.  I'm just telling you I slipped on something going to the change machine.  That's the best I can -- I mean, I could sit here, you know, and -- believe me, sir, that's the best I can tell you.

*Id.* at 68-70.

Upon review, we agree with the trial court that Mr. Medved's deposition testimony is insufficient to establish the cause of his fall, whether it was the existence of black ice or any other condition on the premises. Rather, the deposition testimony reveals that Mr. Medved merely **believed** that black ice caused his slip and fall.  As correctly noted by the trial court, Appellants are "entitled to all reasonable inferences; however, reasonable inferences must be drawn from competent evidence and not mere speculation."  Trial Court Opinion (TCO), 7/29/2014, at 2.  *See also Myers v. Penn Traffic Co.*, 606 A.2d 926, 930 (Pa. Super. 1992) ("Although the non-moving party must be given the benefit of all reasonable inferences,

that party need not be given the benefit of inferences not supported by the record or of mere speculation.").[1]

Appellants also cite portions of a summary statement given by Jerry Sabo, a patron of the car wash who had assisted Mr. Medved after his fall, to investigator Beth Modrak as further evidence establishing that black ice caused Mr. Medved's fall. These portions, which were read by Mr. Medved during his deposition, indicated that it was "slippery" and "icy" in the area of Mr. Medved and his vehicle and that there was ice on the ground where Mr. Medved fell. Deposition of Mr. Medved, 6/19/2013, at 53-54.

Even assuming that such evidence would be admissible,[2] we conclude that it does not enable Appellants to prevail. "An invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." *Estate of Swift*, 690 A.2d at 722. As explained by the trial court, Appellants produced no evidence of record "concerning the circumstances by which the ice or other slippery substance upon which [Mr. Medved] might have slipped and fallen

---

[1] Furthermore, we are unpersuaded by Appellants' argument that Auto Shower's alleged knowledge that "ice was likely to form on the grounds of the car wash" based upon the weather conditions at the time of the incident constitutes circumstantial evidence establishing that black ice was the cause of Mr. Medved's fall.

[2] Auto Shower asserts that Appellants' contention based on the summary statement is an attempt to argue matters outside of the record that constitute double hearsay and thus may not be considered.

was placed upon the ground, and/or how long it may have existed." TCO, 7/29/2014, at 2. Thus, Appellants have failed to show that Auto Shower either created the allegedly dangerous condition which caused Mr. Medved's fall or had actual or constructive notice of it. **See Estate of Swift**, 690 A.2d at 722 (holding that, although the appellants had presented evidence that the decedent's fall was caused by water on the floor, the appellants could not establish a breach of duty because they failed to produce evidence showing the appellee had notice of the condition, how the water arrived on the floor, and how long the condition existed; thus, summary judgment was proper).

Because Appellants failed to present sufficient evidence to sustain their cause of action,[3] the trial court did not err in granting summary judgment in favor of Auto Shower. Accordingly, we affirm the trial court's order.

Order affirmed.

---

[3] Appellants contend that, at the time the trial court granted summary judgment, discovery had not yet closed and several key depositions still needed to be conducted; thus, the trial court's decision resulted in prejudice to them by foreclosing further discovery. Appellants did not argue before the trial court that the grant of summary judgment was premature because there was outstanding discovery and, thus, this argument is waived. **See Payton v. Pennsylvania Sling Co.**, 710 A.2d 1221, 1226 (Pa. Super. 1998) (holding that, by failing to evoke Pa.R.C.P. 1035.3(b) in the court below by stating that the appellant "wished to supplement the record or that outstanding discovery could yield additional helpful information," the appellant waived the claim for purposes of appellate review).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: <u>4/2/2015</u>