J-S73015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PITTSBURGH LOGISTICS SYSTEMS, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE ASSET STORE, LLC | : | |
| | : | |
| Appellee | : | No. 887 WDA 2018 |

Appeal from the Judgment Entered July 3, 2018
In the Court of Common Pleas of Butler County
Civil Division at No(s):  A.D. 16-10748

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:            **FILED JANUARY 11, 2019**

Appellant, Pittsburgh Logistics Systems, Inc., appeals from the judgment entered in the Butler County Court of Common Pleas, following the denial of Appellant's post-trial motion to remove a compulsory nonsuit and grant a new trial.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant and Appellee, The Asset Store, LLC, had a business relationship for

_____

[1] Appellant purports to appeal from the trial court's denial of its post-trial motion to remove nonsuit.  "[I]n a case where nonsuit was entered, the appeal properly lies from the judgment entered after denial of a motion to remove nonsuit."  **Billig v. Skvarla**, 853 A.2d 1042, 1048 (Pa.Super. 2004).  In the present action, Appellant filed its notice of appeal on June 15, 2018.  Judgment on the verdict, however, was not entered until July 3, 2018.  Thus, Appellant's notice of appeal relates forward to July 3, 2018, the date judgment was entered and copies of the judgment were distributed to the appropriate parties.  **See** Pa.R.A.P. 905(a).

the coordination of the transportation of hotel furniture and fixtures. In all circumstances, the communications between the parties regarding the business arrangements were predominantly oral only. In some instances, Appellee agreed to pay for shipments on the occasions when the goods were shipped to a warehouse facility owned by Appellee. In other instances, Appellee simply referred its customers to Appellant as an option to coordinate shipments. In the latter instances, Appellant and Appellee's customer understood Appellee was only referring the customer to Appellant and the customer, not Appellee, was responsible for paying shipping costs. Appellee makes no money from the shipping or logistics services, and Appellee's customers are free to make their own arrangements for shipping services.

On September 15, 2016, Appellant sued Appellee for breach of contract/unjust enrichment for non-payment of certain invoices in the amount of $63,973.05. The court held a bench trial on April 10, 2018. At the conclusion of Appellant's case in chief, Appellee moved for a compulsory nonsuit, because Appellant had failed to establish an evidentiary basis for the breach of contract action or for an implied or quasi-contract between Appellant and Appellee regarding the invoices in question. The court granted the compulsory nonsuit in favor of Appellee, with the exception of $960.00 that Appellee stipulated was due and owing to Appellant. On April 20, 2018, Appellant filed a post-trial motion to remove the compulsory nonsuit and grant a new trial. The court denied Appellant's post-trial motion on June 7, 2018,

and Appellant filed a notice of appeal on June 15, 2018. On June 18, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on July 9, 2018. The court entered a final judgment on July 3, 2018.

On appeal, Appellant presents three issues for our review:

> WHETHER THE TRIAL COURT ERRED BY FAILING TO FIND BUSINESS RECORDS, ADMITTED AS AN EXCEPTION TO THE RULE AGAINST HEARSAY, PRESUMPTIVELY TRUSTWORTHY ABSENT ANY EVIDENCE TO THE CONTRARY?
>
> WHETHER THE TRIAL COURT ERRED BY ENTERING COMPULSORY NONSUIT AS TO BREACH OF CONTRACT DESPITE CLEAR AND OVERWHELMING EVIDENCE SUPPORTING A CONTRACT IMPLIED IN FACT AND BREACH THEREOF?
>
> WHETHER THE TRIAL COURT ERRED BY ENTERING COMPULSORY NONSUIT AS TO UNJUST ENRICHMENT DESPITE CLEAR AND OVERWHELMING EVIDENCE SUPPORTING QUASI−CONTRACT BETWEEN THE PARTIES AND UNJUST ENRICHMENT BY TAS?

(Appellant's Brief at 4).

Our standard of review following the denial of a motion to remove a nonsuit is as follows: "This Court will reverse an order denying a motion to remove a nonsuit only if the trial court abused its discretion or made an error of law." **Brinich v. Jencka**, 757 A.2d 388, 402 (Pa.Super. 2000), *appeal denied*, 565 Pa. 634, 771 A.2d 1276 (2001) (citing **Emge v. Hagosky**, 712 A.2d 315, 317 (Pa.Super. 1998)).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its

discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

***Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). The grant of a compulsory nonsuit is proper when, having viewed all the evidence in the plaintiff's favor, the court determines plaintiff has not established the elements of the cause of action. ***Brinich, supra***.

In its issues combined, Appellant contends that despite admitting Appellant's invoices into evidence as exhibits, the trial court erroneously failed to accept them as an evidentiary basis for a contract between Appellant and Appellee. Appellant insists the invoices provided the court with trustworthy business records and *prima facie* evidence of a contract. Appellant maintains the trial court erred when it found Appellant had failed to establish the existence of a contract with Appellee, based on those invoices. Appellant further alleges the evidence showed an implied contract between Appellant and Appellee, based on those invoices, and Appellee breached that implied contract. Appellant also claims the evidence showed a quasi-contract existed between Appellant and Appellee, regarding those invoices, and Appellee was unjustly enriched as a result of non-payment of the invoices. Appellant concludes this Court should set aside the compulsory nonsuit and order a new trial. We disagree.

Pennsylvania Rule of Evidence 803(6) sets forth the business records exception to the hearsay rule, as follows:

**Rule 803.  Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant Is Available as a Witness**

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

\* \* \*

**(6) Records of regularly conducted activity.**  A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:

(A)  the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B)  the record was kept in the course of a regularly conducted activity of a "business," which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C)  making the record was a regular practice of that activity;

(D)   all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 901(11) or (12) or with a statue permitting certification; and

(E)  the opponent does not show that the source of information or other circumstances indicate lack of trustworthiness.

Pa.R.E. 803(6).  The Uniform Business Records as Evidence Act provides in

pertinent part:

**§ 6108.  Business records**

\* \* \*

> **(b) General Rule.**—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S.A. § 6108(b). "As long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness of the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence." *Commonwealth v. McEnany*, 732 A.2d 1263, 1272 (Pa.Super. 1999), *appeal granted*, 562 Pa. 667, 753 A.2d 816 (2000) (quoting *Boyle v. Steiman*, 631 A.2d 1025, 1032-33 (Pa.Super. 1993), *appeal denied*, 538 Pa. 663, 649 A.2d 666 (1994)).

"To maintain a cause of action in breach of contract, a plaintiff must establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages." *Lackner v. Glosser*, 892 A.2d 21, 30 (Pa.Super. 2006) (citing *Gorski v. Smith*, 812 A.2d 683, 692 (Pa.Super. 2002), *appeal denied*, 579 Pa. 692, 856 A.2d 834 (2004)). "For a contract to be enforceable, the nature and extent of the mutual obligations must be certain, and the parties must have agreed on the material and necessary details of their bargain." *Lackner, supra* (citing *Peck v. Delaware County Board of Prison Inspectors*, 572 Pa. 249, 260, 814 A.2d 185, 191 (2002)). "An enforceable contract requires,

among other things, that the terms of the bargain be set forth with sufficient clarity." **Lackner, supra** at 30-31 (citing **Biddle v. Johnsonbaugh**, 664 A.2d 159, 163 (Pa.Super. 1995)). Clarity is particularly important where an oral contract is alleged. **Snaith v. Snaith**, 422 A.2d 1379, 1382 (Pa.Super. 1980).

There must be a "meeting of the minds" for an agreement to exist. **Accu-Weather, Inc. v. Thomas Broadcasting Co.**, 625 A.2d 75, 78 (Pa.Super. 1993).

> [T]he very essence of an agreement is that the parties mutually assent to the same thing…. Without such assent there can be no [enforceable] agreement…. The principle that a contract is not binding unless there is an offer and an acceptance is to ensure that there will be mutual assent….
>
> [I]t is equally well-established that an offer may be accepted by conduct and what the parties do pursuant to the offer is germane to show whether the offer is accepted.
>
> With these precepts in mind, we look to the parties' "course of conduct" to assess the presence of a contract.

**Id.** (internal citations and quotation marks omitted). "In cases involving contracts wholly or partially composed of oral communications, the precise content of which are not of record, courts must look to surrounding circumstances and course of dealing between the parties in order to ascertain their intent." **Boyle, supra** at 1033 (holding prior course of dealings between parties supported appellees' claim of contract formation between parties). Additionally:

> A contract implied in fact can be found by looking to the

- 7 -

surrounding facts of the parties' dealings.[7]  Offer and acceptance need not be identifiable and the moment of formation need not be pinpointed.  Implied contracts…arise under circumstances which, according to the ordinary course of dealing and the common understanding of [people], show a mutual intention to contract.

> [7] A contract implied in fact has the same legal effect as any other contract.  It differs from an express contract only in the manner of its formation.  An express contract is formed by either written or verbal communication.  The intent of the parties to an implied in fact contract is inferred from their acts in light of the surrounding circumstances.

*Ingrassia Const. Co., Inc. v. Walsh*, 486 A.2d 478, 483 (Pa.Super. 1984) (internal citations and quotation marks omitted).

A claim for unjust enrichment generally arises only where a written or express contract does not govern the relationship between the parties. *Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.*, 933 A.2d 664, 669 (Pa.Super. 2007), *appeal denied*, 596 Pa. 755, 947 A.2d 737 (2008).

> [U]njust enrichment arises from a quasi-contract. A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another.
>
> > The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.  Whether the doctrine applies depends on the unique factual circumstances of each case.  In determining if the doctrine applies, we focus not on the intention of the

> parties, but rather on whether the defendant has been unjustly enriched.
>
> Moreover, the most significant element of the doctrine is whether the enrichment of the defendant is **unjust**. The doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff.

*Stoeckinger v. Presidential Financial Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa.Super. 2008) (internal citation and quotations omitted) (emphasis in original).

Instantly, the court admitted the invoices in question as legitimate. The court overruled Appellee's hearsay objections to the invoices, finding them to have a sufficiently trustworthy basis to overcome their hearsay character. Nevertheless, just because the court admitted the invoices does not mean the invoices automatically provided an adequate evidentiary ground to prove Appellant's cause of action. To the contrary, the court reasoned:

> As to the invoices at issue in this case, [Appellant] presented no evidence of any agreement or course of dealing that [Appellee] paid for [Appellant's] services rendered for the benefit of [Appellee's] customers. [Appellant] offered no evidence to obligate [Appellee] to pay for the other invoices. The invoices only reflect deliveries and charges. They do not establish that [Appellee] ever expressly agreed to, or, by course of dealing, implied to pay for, said deliveries. As regards [Appellant's] third assignment of error, involving the unjust enrichment claim, [Appellant] did not provide evidence to establish that the services, rendered to [Appellee's] customers, provided a benefit to [Appellee]. The evidence provided by [Appellant], through [Appellee's] agent, was that the deliveries were for [Appellee's] customers, to be paid for by said customers, and that [Appellee] as merely coordinating with [Appellant] for the customers. As regards [Appellant's] [complaint] about

payments for shipping, [Appellee's] agent testified that [Appellee] did contract for certain shipments and that they agreed to pay, and did pay, for those shipments, except for one $960.00 invoiced shipment. This unpaid invoice supported the $960.00 judgment that was entered against [Appellee]. There was no evidence to obligate [Appellee] to pay for any of the remaining contested invoices. As regards [Appellant's] [complaint], there was no evidence to establish that [Appellee] agreed to pay for the invoiced shipments at issue in this case. Finally, as regards [Appellant's] [complaint], the record and exhibits established that [Appellee] arranged for, and agreed to pay for, certain shipments of [Appellee's] goods for [Appellee's] benefit. However, for the contested invoices at issue, [Appellant] did not present evidence to support any legal basis, contractual or equitable, to obligate [Appellee] to pay. The invoices, exhibits, and [Appellee's] agent's testimony did not provide sufficient evidence of any agreement or duty to pay for the contested invoices. Absent evidence of an agreement or a basis for finding a benefit to [Appellee] to support unjust enrichment, [Appellant] did not meet its burden. Thus, this [c]ourt granted Compulsory Non-suit in favor of [Appellee] and against [Appellant] for all invoices except for the $960.00 invoice. As regards said invoice, Judgment was entered in favor of [Appellant] and against [Appellee] in the amount of $960.00.

(Trial Court Opinion, entered July 20, 2018, at 2-4). The record makes clear the court entered a compulsory nonsuit in favor of Appellee when, having viewed all the evidence in Appellant's favor, the court determined that Appellant had not established the elements of its cause of action for breach of contract or unjust enrichment. *See Brinich, supra*. Thus, the court properly denied Appellant's motion to set aside the compulsory nonsuit. *See id.* Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2019