640 A.2d 1305

Elvira PALANGE and Nicholas Palange, H/W, Appellants,

v.

CITY OF PHILADELPHIA, LAW DEPARTMENT, and Anna Riggi, a/k/a Anne Riggi, Individually and t/a Priori's Bar and Restaurant and Anna and Vince Priori, Individually and t/a Priori's Bar & Restaurant and the Bell Telephone Company of Pennsylvania.

Superior Court of Pennsylvania.

Argued March 1, 1994.

Filed March 30, 1994.

Reargument Denied May 26, 1994.

374

Bradley H. Kane, Philadelphia, for appellants.

William P. Barrett, Reading, for appellees.

Before CIRILLO, SAYLOR and HESTER, JJ.

CIRILLO, Judge.

Elvira and Nicholas Palange appeal from a judgment entered in the Court of Common Pleas of Philadelphia County. We affirm.

The underlying facts of this case are undisputed. In 1986, Elvira Palange, returning home after a visit at her sister-in-law's residence, tripped and fell on a raised cellar grate in the sidewalk in front of appellee Priori's Bar & Restaurant (Priori's). The Palanges filed a complaint against Priori's *et al.*, for

Elvira's injuries. After a three-day jury trial conducted before the Honorable Michael R. Stiles, a verdict was rendered in favor of Priori's and against the Palanges. The Palanges filed post-trial motions requesting a new trial, which were denied. Thereafter, judgment was entered on the verdict in favor of Priori's and against the Palanges. This timely appeal followed.[1]

On appeal, the Palanges claim that the trial court abused its discretion or committed an error of law in failing to grant their motion for a new trial. The Palanges contend that Judge Stiles erred in denying their suggested points for charge regarding Elvira's status as a public invitee and, instead, ruling as a matter of law that Elvira was a licensee when she sustained her injuries. More specifically, the Palanges argue that the trial court erred in failing to find as a matter of law that Elvira was an invitee. Alternatively, however, the Palanges contend that the jury charge was improper because the question of whether a person is a licensee, invitee, or trespasser is a question for the jury, as factfinder.[2]

The standard of review of a trial court's grant or denial of a motion for a new trial is, generally, whether the trial court clearly and palpably abused its discretion or committed an error of law which controlled the outcome of the case. *Stevenson v. General Motors Corp.*, 513 Pa. 411, 521 A.2d 413 (1987). If support for the court's decision is found in the record, the order must be affirmed. A new trial will only be awarded where the verdict is so contrary to the evidence as to shock one's sense of justice. *Giovanetti v. Johns–Mansville Corp.*, 372 Pa.Super. 431, 439, 539 A.2d 871, 875 (1988).

1. No trial court opinion has been written in this case due to Judge Stiles' relocation to the United States Attorneys' Office. We, therefore, look to the facts of record in reviewing this appeal.

2. Although it is permissible to argue alternative grounds for reversal on any given point, the Palanges' alternative positions on this appeal seem antithetical, if not mutually exclusive. Nonetheless, we will address both positions.

■ Where a motion for a new trial is based on an allegedly erroneous jury charge, we must examine the charge against the evidence adduced at trial. *Whitner v. Von Hintz*, 437 Pa. 448, 263 A.2d 889 (1970); *Lilley v. Johns–Manville Corp.*, 408 Pa.Super. 83, 596 A.2d 203 (1991). Even if the charge is erroneous, a new trial will be awarded only if it can be shown that the instruction might have prejudiced the appellant. *Id.* It is well established that the primary duty of a trial judge in charging a jury is to clarify the issues so that the jury may comprehend the questions they are to decide. *Id.*

■ Generally, the determination of whether an individual is an invitee, licensee, or trespasser is one of fact for the jury. *See Slobodzian v. Beighley*, 401 Pa. 520, 164 A.2d 923 (1960); *Rivera v. Philadelphia Theological Seminary*, 326 Pa.Super. 509, 474 A.2d 605 (1984); Restatement (Second) of Torts § 332 cmt. *l* (1965); W. Page Keeton *et al.*, *Prosser and Keeton on the Law of Torts* § 37, at 235–38 (5th ed. 1984). Where the evidence is insufficient to support an issue, however, it may be appropriate for the court to remove that issue from the jury. *Prosser and Keeton on the Law of Torts, supra.*

■ Here, Judge Stiles reviewed the parties' requested points for charge but, after looking at all of the evidence in the case, refused to instruct the jury concerning the standard of care owed to public invitees. After examining the facts before us, we find that Judge Stiles properly charged the jury.

It has long been the law of this Commonwealth that the duty of a possessor of land towards a third person entering the land has been measured by the status of the entrant at the time of the accident. *See Crotty v. Reading Industries, Inc.*, 237 Pa.Super. 1, 345 A.2d 259 (1975).[3] Section 329 of the

---

**3.** Alternatively, the Palanges request that we abolish the common law distinctions between trespassers, licensees, and invitees insofar as they relate to a landowner's potential liability. We decline to do so. While some jurisdictions have abrogated these common law status classifications, this Commonwealth and the majority of American jurisdictions retain these distinctions when ascertaining the extent and scope of the landowner's duty to the entrant. *See* 62 Am.Jur.2d *Premises Liability* § 77 (1990); 22 A.L.R.4th 294 (1983 & Supp.1993). The abandonment of the common law distinctions and subsequent adoption of a unitary

Restatement (Second) of Torts defines a "trespasser" as "a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." Restatement (Second) of Torts § 329 (1965); *see also Ott v. Unclaimed Freight Co.*, 395 Pa.Super. 483, 577 A.2d 894 (1990); *Oswald v. Hausman*, 378 Pa.Super. 245, 548 A.2d 594 (1988).

Next, an "invitee" is defined in the following manner:

(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to·enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

Restatement (Second) of Torts § 332 (1965), *cited with approval in Atkins v. Urban Redevelopment Auth. of Pittsburgh*, 489 Pa. 344, 351 n. 2, 414 A.2d 100, 103 n. 2 (1980). *See Kimble v. Mackintosh Hemphill Co.*, 359 Pa. 461, 59 A.2d 68 (1948).

Finally, the Restatement defines a "licensee" as "a person who is privileged to enter or remain on land only by virtue of the possessor's consent." Restatement (Second) of Torts § 330 (1965). *See Cutler v. Peck Lumber Mfg. Co.*, 350 Pa. 8, 37 A.2d 739 (1944); *Ott, supra; Keck v. Doughman*, 392 Pa.Super. 127, 572 A.2d 724 (1990).

■ It is not disputed that Elvira was not a trespasser at the time of the accident. In addition, the Palanges do not allege, nor do the facts support a finding, that Elvira traversed Priori's' sidewalk as a business visitor. By her own admission, Elvira did not enter Priori's premises with the intent of conducting any business purposes thereon—e.g., dine in the restaurant, patronize the bar, use a pay telephone, use restroom facilities, meet with friends, etc. Additionally, although Priori's displayed an advertisement on the outside of

standard is not necessary and, moreover, would produce inconsistent and unpredictable rules of law.

their building so as to attract restaurant and cocktail lounge patrons, the testimony is clear that Elvira neither read nor inspected the advertisement prior to the accident in question.

■ The question which remains, therefore, is whether Elvira entered Priori's' premises as a public invitee or as a licensee. In order to be deemed a public invitee, the Restatement requires the individual to enter the premises upon invitation *and* "for a purpose for which the land is held open to the public." Restatement (Second) of Torts § 332(2) (1965). Comment b to Section 332 speaks to the "invitation" requirement:

> *Invitation and permission.* Although invitation does not in itself establish the status of an invitee, it is essential to it. An invitation differs from mere permission in this: an invitation is conduct which justifies others in believing that the possessor *desires* them to enter the land; permission is conduct justifying others in believing that the possessor is *willing* that they shall enter if *they so desire.*

Restatement (Second) of Torts § 332 cmt. b (1965) (emphasis added). This distinction between invitation and permission is of course the basis for distinguishing an invitee from a licensee. Comment d to Section 332 further elaborates on this invitation/permission difference:

> It is not enough, to hold land open to the public, that the public at large, or any considerable number of persons, are permitted to enter at will upon the land for their own purposes.... **There must be some instances of invitation, there must be some inducement or encouragement to enter, some conduct indicating that ... public entry and use ... is expected and desired.... When a landowner tacitly permits the boys of the town to play ball on his vacant lot they are licensees only; but if he installs playground equipment and posts a sign saying that the lot is open free to all children, ... those who enter in response to it are invitees.**

Restatement (Second) of Torts § 332 cmt. d (1965) (emphasis added).

Finally, Comment h to Section 330 illustrates those persons included under the status of "licensees:"

h. *Persons included.* Included under licensees, among others, are three types of persons:

**1. One whose presence upon the land is solely for his own purposes, in which the possessor has no interest, and to whom the privilege of entering is extended as a mere personal favor to the individual, whether by express or tacit consent or as a matter of general or local custom.**

\*       \*       \*       \*       \*       \*

Restatement (Second) of Torts § 330 cmt. h (1965) (emphasis added).

This case lacks the requisite invitation necessary for an instruction on public invitees. Priori's did not erect signs inviting and/or encouraging the general public to enter its premises. Rather, Priori's constructed the sidewalk in front of its establishment for the sole purpose of providing an access way for its restaurant and lounge customers. On the day in question, Elvira utilized Priori's' sidewalk for her own purpose of reaching her destination. At most, Priori's tacitly permitted such use of its sidewalk; in no event, however, did Priori's encourage or desire such use. Accordingly, under the rubrics of the Restatement rules and the law of this Commonwealth, Elvira must be catagorized as a licensee rather than a public invitee. *See Parsons v. Drake,* 347 Pa. 247, 32 A.2d 27 (1943); *Komlo v. Balazick,* 169 Pa.Super. 296, 82 A.2d 706 (1951).

We find, therefore, that Judge Stiles did not err in refusing to instruct the jury with respect to the standard of care owed to public invitees. *Whitner, supra; Lilley, supra.* Consequently, we affirm the judgment.

Judgment affirmed.