## Freeman v. Tagliaferri

C.P. of Lycoming County, No. CV-2012-00555

*Dominik Rostocki,* for plaintiff.
*Gary L. Weber,* for defendants.

GRAY, *J.,* September 23, 2013—This matter pertains to an alleged trip-and-fall that occurred in a home owned

by defendant Theresa Tagliaferri (Theresa) and leased by her daughter, defendant Maryann Tagliaferri (Maryann). Plaintiff Keith Maurice Freeman (Freeman), grandfather of Maryann's children, alleges that he fell down the basement stairs of Maryann's home as the result of a broken handrail. Before the court is an omnibus motion in limine, filed by Freeman on August 21, 2013. The court heard oral argument on this motion, on September 10, 2013.

## I. Standard of Review

The Pennsylvania Rules of Evidence provide that relevant evidence is generally admissible. Pa. R.E. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa. R.E. 401. The admission and exclusion of evidence is within the sound discretion of the trial court. *Jacobs v. Chatwani,* 922 A.2d 950, 960 (Pa. Super. Ct. 2007). The trial court has the discretion to entertain motions in limine. *Commonwealth v. Pikur Enterprises, Inc.,* 596 A.2d 1253, 1259 (Pa. Cmwlth. Ct. 1991). Motions in limine are pre-trial rulings regarding the admissibility of evidence. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 588 (Pa. Super.2002). Motions in limine exclude from the trial anticipated prejudicial evidence, keep extraneous issues out of the underlying proceeding, preclude references to prejudicial matters, and prevent encumbering the record with immaterial evidence. *Id.*

In his omnibus motion in limine, Freeman raises multiple evidentiary issues; the court will address these issues in turn.

## II. Status: Trespasser vs. Licensee

Initially, Freeman requests the court to preclude defendants from arguing, testifying, or referring to Freeman as a trespasser during trial. Freeman bases his request on Pa.R.E. 402 and 403. These rules provide:

Rule 402. General Admissibility of Relevant Evidence

All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible.

Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons

The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

*Id.* Upon consideration of the depositions submitted to the court, the court believes that reasonable minds could differ as to Freeman's status as licensee or trespasser on the date in question; therefore, this issue should be preserved for a determination by the fact finder. *Cf. Long v. Manzo*, 682 A.2d 370, 373 (Pa. Super. Ct. 1996), *appeal denied*, 693 A.2d 967 (Pa. 1997) (the classification of plaintiff as a trespasser or licensee was properly resolved by the court because plaintiff failed to raise sufficient evidence to raise a jury question as to defendants' liability to plaintiff regardless of plaintiff's status as a trespasser or licensee) and *Palange v. Philadelphia*, 640 A.2d 1305 (Pa. Super. Ct. 1994) (providing that generally an individual's status is an issue of fact for the jury; however, if the facts are insufficient to support an issue at trial, the court may properly take the matter away from the jury). *See also Emge v. Hogosky*, 712 A.2d 315, 318 (Pa. Super. Ct. 1998) (grant of compulsory nonsuit reversed where trial court

erred in finding that plaintiff was a trespasser as a matter of law when sufficient facts presented to preserve the issue of plaintiff's legal status on the premises at the time of the accident for the jury).

In this matter, defendants' cases depend upon Freeman's legal status on the date in question. The standard of care that a landowner must provide to someone on her property depends on the individual's status as a trespasser, licensee, or invitee. *Emge*, 712 A.2d at 317. *See also Jones v. Three River Mgmt. Corp.*, 394 A.2d 546, 552 (Pa. 1978). Freeman argues that on the date in question he was a licensee. A licensee is "a person who is privileged to enter or remain on land only by virtue of the possessor's consent." *Palange*, 640 A.2d at 1308 (citing Restatement (Second) of Torts, §330). According to our Superior Court,

> landowners would be subject to liability for physical harm caused to [a licensee] by a condition on their land if:
>
> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>
> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved.

*Long*, 682 A.2d at 373 (citing Restatement (Second) of Torts, §342 (adopted in *Sharp v. Luksa*, 269 A.2d 659 (Pa. 1970))). Alternatively, defendants argue that Freeman was a trespasser. A trespasser is "a person who enters or remains

upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." *Palange*, 640 A.2d at 1308 (citing Restatement (Second) of Torts, §329). If the fact finder determines Freeman to be a trespasser, Freeman can only recover if defendants were guilty of willful or wanton misconduct. *Emge*, 712 A.2d at 317. Thus, the crux of this case is the duty owed by Defendants to Freeman on the date in question.

Instantly, Freeman asserts defendants' reference to him as a trespasser will *mislead the jury*. Freeman argues that in Maryann did not tell him that he could not enter the basement on the date in question. Freeman argues that this testimony, coupled with the fact that Maryann invited him to the property on that date, proves Freeman's status as a licensee. The court does not agree. Merely because Maryann did not forbid Freeman from entering the basement on the incident date does not equate to permission given to enter that portion of the property. Freeman's status on the date in question is *clearly* at issue and cannot be resolved in this motion.

Likewise, Freeman argues that he should not be referred to as a trespasser because he was permitted to store items in Maryann's basement. The duty owed by a landowner to an individual is "measured by the status of the entrant at the time of the accident." *Palange*, 640 A.2d at 1308. *Cf. Emge, supra* (providing that an individual's status may change during one's stay on the property if the individual enters onto a portion of the premises where one's presence is not reasonably foreseen). Defendants agree that Freeman was *previously* allowed to enter the basement of Maryann's home to store belongings. However, defendants contend that Freeman no longer had possessions within the basement and that he was, therefore, trespassing on the date in question. Again, the court believes this is clearly an issue of fact to be decided

by the factfinder. Therefore, Freeman's motion in this respect is denied, without prejudice.

### III. Landlord out of Possession

Similarly, Freeman requests the court to preclude defendants from arguing, testifying, or referring to Theresa as a landlord out of possession. As before, Freeman bases his argument on Pa.R.E. 403. Again, upon consideration of the depositions submitted to the court and the familial relationship between defendants, the court believes that reasonable minds could differ as to Theresa's status as a landlord out of possession; thus, at this time, the court preserves this issue for the fact finder. *See generally Pierce v. Philadelphia Housing Auth.*, 486 A.2d 1004 (Pa. Super. Ct. 1985) (reversing a directed verdict of the trial court finding a PHA to be a landlord out of possession when testimony was provided that PHA had a varying degree of possession, control, and responsibility over repairs of the premises).

Generally, a landlord out of possession is not liable for injuries sustained by another on or within the leased premises. *Bleam v. Gateway Professional Center Associates*, 636 A.2d 172, 174-75 (Pa. Super. Ct. 1993), *appeal denied*, 647 A.2d 895 (Pa. 1994); *Pierce*, 486 A.2d at 1005. *See also Henze v. Texaco, Inc.*, 508 A.2d 1200, 1202 (Pa. Super. Ct. 1986) (providing that a landlord out of possession is not generally liable for injuries sustained by a business invitee). However,

[a] landlord out of possession may incur liability (1) if he has reserved control over a defective portion of the demised premises; (2) if the demised premises are so dangerously constructed that the premises are a nuisance per se; (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and

fails to disclose the condition to the lessee; (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee; (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs; or (6) if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises.

*Henze*, 508 A.2d at 1202 (citations omitted). *See also Bleam*, 636 A.2d at 175.

Instantly, Freeman argues: 1) Theresa is not a landlord out of possession, 2) Theresa is liable to him because she has retained control over a portion of the premises, and 3) Theresa is liable to him because she failed to make repairs after being given notice and a reasonable opportunity to remedy a dangerous condition existing on the premises, i.e. the broken handrail. The court will address each argument in turn.

a. Generally: Landlord out of Possession

Freeman initially argues that defendants should be precluded from calling Theresa a landlord out of possession because the phrase would mislead the jury into believing that Theresa should escape liability. Freeman bases this argument on Pa.R.E. 403. However, presently at issue is the duty that each defendant owed to Freeman on the date that he was injured. Theresa's primary argument is that she was a landlord out of possession, and, therefore, owed no duty to Freeman. *See Bleam, Henze*, and *Pierce, supra*. In order to advance her argument, she must be permitted to use the term landlord out of possession during trial and, likewise, argue its applicability. Therefore, Freeman's motion is denied, without prejudice.

b. Exception: Retention of Control

Freeman additionally argues the court should hold Theresa liable because she retained control of the leased property. Pennsylvania courts have long-held that the reserved control exception to landlord-liability applies to *common areas*, such as hallways and shared steps in apartment buildings. *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. Ct. 2007). This exception has also been held to apply to heating, plumbing, and ventilation systems within apartment complexes. *Id. See Smith v. M. P. W. Realty Co.*, 225 A.2d 227, 229 (Pa. Super. Ct. 1967). In this case, Freeman baldly asserts that Theresa maintained "complete control of the house, including all aspects of maintenance." This assertion is facially erroneous. Theresa did not retain control over the leased property as to fall into this exception to landlord liability. There were no common areas in Maryann's home that were to be maintained by Theresa in her capacity as a landlord. Additionally, Theresa did not live in the home with Maryann and her children. Theresa visited the home frequently in her capacity as a grandmother. However, this frequent visitation does not equate to the facts necessary to support Freeman's retention of control argument. Therefore, Freeman's motion is denied, with prejudice.

c. Exception: Failure to Make Repairs

Lastly, Freeman argues that the court should hold Theresa liable for his injuries because she failed to make repairs to the stairwell after having been given notice of and a reasonable opportunity to remedy the condition. *See Henze*, 508 A.2d at 1202. Similar to Freeman's argument with the previous exception, the court believes that this issue should be decided by the jury. *See Goodman v. Corn Exchange National Bank and Trust Co.*, 200 A. 642 (Pa. 1938) (cited by *Henze*, 508 A.2d at 1202) (holding

that the "court below properly submitted to the jury the question whether a reasonable time had been afforded the defendants for the removal of the [dangerous condition]"). Therefore, Freeman's motion is denied, without prejudice.

## IV. Judicial Notice of Handrail Condition

Upon admission of defendants, the court takes judicial notice that the handrail at issue was loose and cracked on the date in question.

## V. Judicial Notice of Ordinance

Upon agreement of the parties, the court takes judicial notice of Sections 301 and 305 of the 2009 IPMC. However, the Court *does not* take judicial notice of the applicability of these IPMC sections to the case at bar. *See* Section VI, *infra*.

## VI. Judicial Notice of Ordinance's Applicability

Next, Freeman argues that, pursuant to Pa.R.E. 201, the court must take judicial notice of the applicability of Sections 301 and 305 of the IPMC to the case at bar. The court does not agree. Pa. R.E. 201 provides that the court may take judicial notice of *an adjudicative fact*; specifically, the rule provides:

(b) Kinds of Facts that may be Judicially Noticed.

The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

*Id.* However, in this instance, Freeman requests the court

to take judicial notice of the applicability of the law to the case at bar, *not an adjudicative fact.*

This court cannot take judicial notice of the applicability of the law to a case, as provided for in the comments to Pa.R.E. 201. Those comments provide that: "[t]his rule is *not applicable to judicial notice of law.* Adjudicative facts are facts about the events, persons and places relevant to the matter before the court." *Id.* The court believes that Pa.R.E. 201 permits the court to take judicial notice of adjudicative facts, such as Sections 301 and 305 of the IPMC. However, the court cannot take judicial notice of the applicability of these sections to the case at bar. The applicability of the law is an issue to be determined by the court following expert testimony regarding these code sections. Therefore, Freeman's motion is denied, without prejudice.

## VII. Negligence Per Se

Freeman also argues that defendants should be precluded from offering any evidence, argument, testimony, or reference regarding a lack of duty or breach of duty because defendants were negligent as a matter of law. Freeman bases his negligence per se argument on defendants' alleged violations of Sections 301 and 305 of the IPMC. Freeman cites *McCloud v. McLaughlin,* 837 A.2d 541 (Pa. Super. Ct. 2003), for the proposition that violations of codes, such as the 2009 IPMC, can be illustrative of negligence *per se.*[1] The court finds Freeman's argument misplaced.

The court finds the subcommittee notes to the Standard

1. Freeman cites to *McCloud* to support its theory that a violation of a code can support his negligence per se claim. In *McCloud,* our Superior Court addressed whether the appellant properly preserved her negligence per se argument for appellate review; that court found that appellant did not so preserve the argument. Therefore, *McCloud* does not address the issue presently before this court.

Civil Jury Instructions on negligence per se telling of the issue at hand. *See* Civil Jury Instructions, 4th ed. supp, §13.100. These subcommittee notes provide:

> Violation of a municipal ordinance is only evidence of negligence, and not negligence *per se, Jinks v. Currie*, 188 A. 356, 358 (Pa. 1936), since the legislature cannot delegate to an administrative body authority to make substantive law. *Major v. Waverly & Ogden, Inc.*, 165 N.E.2d 181 (N.Y. 1960); 57 Am.Jur.2d, Negligence, §269, p. 658, citing *Philadelphia & Reading RR Co. v. Ervin*, 89 Pa. 71 (1879). Compliance with an administrative regulation only relieves a defendant of liability for negligence per se and does not establish that due care was exercised. *Mohler v. Jeke*, 595 A.2d 1247 (Pa.Super. 1991).

*Id.* (citations omitted). As *Jinks, supra,* is still good law, the court looks to it for guidance, as opposed to *McCloud*'s dicta. Therefore, Freeman's motion is denied without prejudice.

### VIII. Pre-Existing Conditions and/or Prior Incidences

Lastly, Freeman argues that defendants should be precluded from offering any evidence, argument, testimony, or reference suggesting that Freeman's injury was pre-existing or caused by prior incidences because defendants have not produced any defense medical experts. Freeman bases his argument on Pa.R.E. 701: Opinion Testimony by Lay Witness[2], and *Callahan v. National*

---

2. Pa. R.E. 701 provides:
If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

*Railroad Passenger Corp.*, 979 A.2d 866 (Pa. Super. Ct. 2009). Freeman argues that defendants cannot either suggest his injury was pre-existing or provide evidence of a pre-existing drug condition without a defense medical expert. The court does not agree.

In this matter, Freeman seeks damages for a permanent injury allegedly sustained after a fall down Maryann's basement stairs. In claiming this permanent injury, Freeman places his life expectancy at issue. *Kraus v. Taylor*, 710 A.2d 1142, 1143-44 (Pa. Super. Ct. 1998). Likewise,

> [e]vidence of [an individual's] chronic drug and alcohol abuse strongly suggests that his life expectancy deviates from the average. Accordingly, the evidence of [an individual's] drug abuse tended to establish a material fact and [is] therefore relevant.

*Id.* at 1144.

At this stage in the proceeding, the court believes that it is appropriate on cross-examination for defendants to question Freeman regarding any pre-existing conditions and/or failed drug tests, as these facts are directly relevant to Freeman's alleged life expectancy. Freeman is free to request a limiting instruction during the trial regarding such testimony. However, at this time, Freeman's motion is denied, without prejudice.

The court enters the following order.

## ORDER

And now, this 23rd day of September, 2013, following oral argument on plaintiff's omnibus motion *in limine*, it is hereby ordered and directed as follows:

1. Plaintiff's motion to preclude evidence regarding plaintiff's alleged status as a trespasser is denied,

without prejudice;

2. Plaintiff's motion to preclude evidence regarding defendant Theresa Tagliaferri being a landlord out of possession is denied, without prejudice;

3. Plaintiff's motion to take judicial notice of Sections 301 and 305 of the 2009 International Property Maintenance Code (IPMC) is granted;

4. Plaintiff's motion to take judicial notice of the applicability of the above-referenced sections of the IPMC to the property at issue is denied, without prejudice;

5. Plaintiff's motion to take judicial notice that the handrail at issue was loose and cracked on the date in question is granted;

6. Plaintiff's motion to preclude evidence presented by defendants regarding a lack of duty or lack of breach of duty based upon negligence per se is denied, without prejudice; and

7. Plaintiff's motion to preclude cross-examination of plaintiff's pre-existing conditions and/or prior accidents is denied, without prejudice.