J-A17037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANTIAGO MARTINEZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TEMPLE UNIVERSITY HOSPITAL-EPISCOPAL CAMPUS AND BARRY CLARK | |
| Appellee | No. 3074 EDA 2013 |

Appeal from the Judgment Entered December 16, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 111202680

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 07, 2015**

Appellant, Santiago Martinez ("Mr. Martinez"), appeals from the judgment entered in the Philadelphia County Court of Common Pleas, in favor of Appellee, Temple University Hospital-Episcopal Campus ("Hospital") and Barry Clark,[1] in this slip and fall case.  We affirm.

The relevant facts and procedural history of this case are as follows. On December 22, 2009, at approximately 6:45 a.m., Mr. Martinez exited the Market-Frankford elevated SEPTA train headed toward COMHAR, Inc., a drug and rehabilitation facility in Philadelphia not affiliated with Hospital.  To

_____

[1] On May 23, 2013, at the conclusion of evidence at trial, the court dismissed Barry Clark from the case by agreement of the parties.  Mr. Clark is not a party to this appeal.

reach his destination, Mr. Martinez walked through a private parking area owned and operated by Hospital located on Hospital's Episcopal campus. While traversing Hospital's property, Mr. Martinez slipped and fell on snow and ice.

On December 21, 2011, Mr. Martinez filed a negligence complaint against Hospital and Barry Clark d/b/a the Degreasers (the company Hospital hired to perform snow removal services), seeking damages for injuries Mr. Martinez sustained in the fall. On March 19, 2013, the Hospital filed a motion *in limine* to preclude, *inter alia*, introduction at trial of statements from unidentified declarants. Specifically, the Hospital alleged Mr. Martinez had testified at his deposition that two unidentified nurses called for help after Mr. Martinez's fall and told him about Hospital's inadequate snow removal practices over the years. Mr. Martinez also alleged at his deposition that an unidentified security guard told Mr. Martinez the day after the fall that he had heard about Mr. Martinez's fall from co-workers. Hospital sought to preclude Mr. Martinez from testifying at trial about the unidentified declarants' statements based on hearsay grounds. Mr. Martinez filed a response on March 29, 2013, claiming the unidentified declarants' statements met exceptions to the hearsay rule as present sense impressions and admissions by a party opponent.

On May 20, 2013, prior to trial, the court heard argument on Hospital's motion *in limine*. Hospital argued the unidentified declarants' statements

constituted inadmissible hearsay. Mr. Martinez maintained the statements from the nurses were admissions by a party opponent.[2] The court decided Mr. Martinez's deposition testimony was insufficient to establish that the unidentified nurses were actually Hospital employees. Consequently, the court granted Hospital's motion. Mr. Martinez objected to the court's ruling. Following the objection, the court said it would permit Mr. Martinez to reopen the issue during trial if Mr. Martinez could provide additional evidence to support his position that the unidentified declarants were Hospital employees.

In addition, Mr. Martinez complained that Hospital's proposed points for charge included a jury instruction on the definition of trespasser and the duty a possessor of land owes to a trespasser. Mr. Martinez sought an offer of proof from Hospital that it had *prima facie* evidence to support its claim that Mr. Martinez was a trespasser. The court said Mr. Martinez's complaint was premature, and the court would instruct the jury on the definition of trespasser if the evidence presented at trial warranted that charge. Following the hearing, a jury trial commenced.

After the conclusion of the evidence, the court held a charging conference, at which time the court heard arguments regarding whether Mr.

_____

[2] Mr. Martinez did not offer any argument at the hearing on the present sense impression claim or mention the statement made by the security guard.

Martinez was an invitee, licensee, or trespasser. Hospital argued Mr. Martinez's own testimony confirmed he was a trespasser because Mr. Martinez admitted he was not on Hospital's property to do any business related to Hospital; he was not there to visit a patient; and he was not there for medical treatment. Mr. Martinez complained there was not enough evidence to warrant a trespasser jury instruction where no signs on Hospital's property alerted the public not to pass through, and the parking lot attendant did not stop Mr. Martinez. Rather, Mr. Martinez suggested he was either a licensee or invitee. Ultimately, the court determined the evidence warranted jury instructions only on the definitions of trespasser and licensee. The court also included special interrogatories on the verdict sheet asking the jury to determine as a threshold matter whether Mr. Martinez was a trespasser or licensee; Mr. Martinez objected to including "trespasser" on the verdict sheet. On May 23, 2013, the jury returned a verdict in favor of Hospital, finding Mr. Martinez was a trespasser, and Hospital did not engage in any willful or reckless misconduct that would necessarily cause injury to Mr. Martinez.

On May 31, 2013, Mr. Martinez timely filed post-trial motions, which the court denied on October 7, 2013. On October 22, 2013, Mr. Martinez filed a premature notice of appeal. On October 31, 2013, the trial court ordered Mr. Martinez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mr. Martinez filed his Rule 1925(b)

statement on November 19, 2013. On December 9, 2013, this Court entered a *per curiam* order directing Mr. Martinez to *praecipe* for entry of final judgment. On December 16, 2013, Mr. Martinez filed a *praecipe* for final judgment in favor of Hospital, which the court entered that day.[3]

Mr. Martinez raises four issues for our review:

> WHETHER THE COURT'S ORDER OF OCTOBER 7, 2013, DENYING [MR. MARTINEZ'S] POST-TRIAL MOTIONS TO VACATE THE JURY VERDICT ENTERED ON MAY 23, 2013, MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED AS A MATTER OF LAW BY CHARGING THE JURY WITH REGARD TO TRESPASSER, DESPITE FAILING TO REQUIRE [HOSPITAL] TO SHOW THAT THERE WAS SUFFICIENT EVIDENCE OF RECORD TO ARGUE THAT [MR. MARTINEZ] COULD BE A TRESPASSER?
>
> WHETHER THE COURT'S ORDER OF OCTOBER 7, 2013, DENYING [MR. MARTINEZ'S] POST-TRIAL MOTIONS TO VACATE THE JURY VERDICT ENTERED ON MAY 23, 2013, MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FULLY AND ADEQUATELY INSTRUCT THE JURY ON THE DUTY OF CARE OWED TO [MR. MARTINEZ], INCLUDING COMPLETE INSTRUCTIONS ON INVITEES, LICENSEES, AND KNOWN

---

[3] Ordinarily, an appeal properly lies from the entry of judgment, not from the order denying post-trial motions. **See generally Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511 (Pa.Super. 1995) (*en banc*). Nevertheless, a final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction. **Drum v. Shaull Equipment and Supply, Co.**, 787 A.2d 1050 (Pa.Super. 2001), *appeal denied*, 569 Pa. 693, 803 A.2d 735 (2002). Mr. Martinez's notice of appeal was premature when filed, but it related forward to December 16, 2013, the date the final judgment was entered. **See** Pa.R.A.P. 905(a) (stating: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). Hence, there are no jurisdictional impediments to our review.

TRESPASSERS, DESPITE SUFFICIENT EVIDENCE OF RECORD TO SUBMIT THOSE STANDARDS TO THE JURY?

WHETHER THE COURT'S ORDER OF OCTOBER 7, 2013, DENYING [MR. MARTINEZ'S] POST-TRIAL MOTIONS TO VACATE THE JURY VERDICT ENTERED ON MAY 23, 2013, MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED AS A MATTER OF LAW BY PLACING THE ISSUE OF WHETHER [MR. MARTINEZ] WAS A TRESPASSER ON THE VERDICT SHEET WHILE EXCLUDING INVITEE FROM THE VERDICT SHEET, DESPITE SUFFICIENT EVIDENCE TO THE CONTRARY, WHICH MISLED THE JURY AND WAS UNFAIRLY PREJUDICIAL TO [MR. MARTINEZ]?

WHETHER THE COURT'S ORDER OF OCTOBER 7, 2013, DENYING [MR. MARTINEZ'S] POST-TRIAL MOTIONS TO VACATE THE JURY VERDICT ENTERED ON MAY 23, 2013 MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING [HOSPITAL'S] MOTION *IN LIMINE*, …AND PRECLUDING TESTIMONY ABOUT OUT-OF-COURT STATEMENTS THAT WERE PRESENT SENSE IMPRESSIONS, OPPOSING PARTY STATEMENTS, AND ALSO OFFERED TO PROVE NOTICE OR KNOWLEDGE?

(Mr. Martinez's Brief at 4-5).

When reviewing a trial court's jury instruction:

Under Pennsylvania law, our standard of review when considering the adequacy of jury instructions in a civil case is to determine whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. It is only when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue that error in a charge will be found to be a sufficient basis for the award of a new trial.

*Smith v. Morrison*, 47 A.3d 131, 134-34 (Pa.Super. 2012), *appeal denied*, 618 Pa. 690, 57 A.3d 71 (2012). Additionally:

In reviewing a challenge to the trial court's refusal to give

a specific jury instruction, it is the function of [the reviewing Court] to determine whether the record supports the trial court's decision. In so reviewing, we are mindful that a trial court is bound to charge only on that law for which there is some factual support in the record.

*Levey v. DeNardo*, 555 Pa. 514, 517, 725 A.2d 733, 735 (1999) (internal citations omitted). Further, the court may grant or refuse a request for special interrogatories on a verdict sheet based on whether they would add to the logical and reasonable understanding of the issues; we will not disturb the trial court's ruling absent an abuse of discretion. *Century 21 Heritage Realty, Inc. v. Bair*, 563 A.2d 114, 116 (Pa.Super. 1989).

With respect to a trial court's decision regarding the admission or exclusion of evidence:

It is well established in this Commonwealth that the decision to admit or to exclude evidence, including expert testimony, lies within the sound discretion of the trial court. Moreover, our standard of review is very narrow; we may only reverse upon a showing that the trial court clearly abused its discretion or committed an error of law. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Harris v. Toys "R" Us-Penn, Inc.*, 880 A.2d 1270, 1274 (Pa.Super. 2005), *appeal denied*, 586 Pa. 770, 895 A.2d 1262 (2006).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Shelley Robins New, we conclude Mr. Martinez's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the

questions presented. (*See* Trial Court Opinion, filed November 20, 2014, at 2-8) (finding: **(issues 1-3)** evidence at trial showed Mr. Martinez walked through Hospital's property as shortcut to his destination on date of fall; Mr. Martinez admitted he had no business with Hospital that day, he was not visiting any patient at Hospital, and he was not seeking treatment at Hospital; no evidence demonstrated Mr. Martinez was invitee of Hospital, so court declined to give jury instruction for invitee status; court instructed jury on licensee and trespasser definitions, where evidence warranted those instructions; court issued standard jury instructions for trespasser and licensee, and duty of care possessor of land owes to trespasser or licensee; court included on verdict sheet question asking jury if Mr. Martinez was trespasser or licensee, and directing jury to answer subsequent questions based on that threshold determination; jury returned unanimous verdict finding Mr. Martinez was trespasser on Hospital's property on date of fall; thus, Mr. Martinez's claim that court gave improper jury instructions and his related complaints fail; **(issue 4)** Hospital filed motion *in limine* based on hearsay grounds to exclude Mr. Martinez from testifying about statements made by two unidentified declarants at time of Mr. Martinez's fall; declarants allegedly told Mr. Martinez there was "always accumulating snow in this area over the years"; Mr. Martinez offered no evidence to support declarants were employees of Hospital (necessary to satisfy admission by party opponent exception to hearsay rule), other than Mr. Martinez's deposition testimony

that declarants wore lab coats with nametags, which Mr. Martinez could not identify; absent more, court granted Hospital's motion; at trial, Mr. Martinez provided further description that declarants' lab coats had "T" on side of coats, which Mr. Martinez claimed represented Hospital's insignia; based on this testimony, court gave counsel for Mr. Martinez opportunity to lay foundation to establish connection between Hospital and declarants; Mr. Martinez provided insufficient detail to lay proper foundation, and counsel for Mr. Martinez did not elicit additional testimony throughout trial to establish declarants were employees of Hospital; thus, trial court's ruling on Hospital's motion was proper, and Mr. Martinez's claim on appeal merits no relief[4]). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

_____

[4] On appeal, Mr. Martinez also argues the declarants' statements satisfied the present sense impression exception to the hearsay rule, and the court should have admitted Mr. Martinez's testimony about their alleged statements to demonstrate Hospital's knowledge about the condition in the parking area. Mr. Martinez further asserts the court should have allowed him to testify about statements an unidentified security guard made to Mr. Martinez the day after his fall. Mr. Martinez failed to preserve these precise claims before the trial court at the hearing on Hospital's motion *in limine* and in his Rule 1925(b) statement, so they are waived. **See HSBC Bank, NA v. Donaghy**, 101 A.3d 129 (Pa.Super. 2014) (stating issues not raised in Rule 1925(b) statement will be deemed waived on appeal); **McManamon v. Washko**, 906 A.2d 1259 (Pa.Super. 2006), *appeal denied*, 591 Pa. 736, 921 A.2d 497 (2007) (explaining party must make timely and specific objection at appropriate stage of proceedings to preserve issue for appellate review; Superior Court will not consider claim which was not called to trial court's attention at time when any error committed could have been corrected).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/7/2015</u>

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| SANTIAGO MARTINEZ | **DECEMBER TERM, 2011** |
| v. | **No. 2680** |
| TEMPLE UNIVERSITY HOSPITAL EPISCOPAL CAMPUS, ET AL. | |

**OPINION**

**Robins New, J.**                                **November 20, 2014**

Plaintiff, Santiago Martinez, appeals from this Court's Order entering judgment in favor of Defendant Temple University Hospital Episcopal Campus et al. after a jury trial. For the reasons set forth below, Plaintiff's Appeal the Order entering judgment should be affirmed.

**PROCEDURAL HISTORY**

This was a slip and fall case heard as a jury trial before this Court from May 20 to 23, 2013. The jury then returned with a verdict that in favor of defendant, finding: 1) Plaintiff to have been a trespasser upon Defendant's property, and 2) that Defendant did not breach its duty owed to the trespassing plaintiff. Post verdict motions were filed, orally argued and denied. Judgment was entered in favor of defendant based upon the jury's verdict. A timely notice of appeal was filed. After the Court entered its Order pursuant to Pa.R.A.P. 1925(b), Plaintiff then filed his concise statement of matters



Martinez Vs Temple University Hospital - Epi-OPFLD

11120268000123

plained of on appeal.


## LEGAL ANALYSIS

Most of Plaintiff's complained-of matters on appeal are related to the jury's

classification of Plaintiff as a trespasser. The courts of this Commonwealth have long

held that the "duty of a possessor of land toward a third party entering the land depends

upon whether the entrant is a trespasser, licensee, or invitee." *Updyke v. BP Oil Co.*, 717

A.2d 546, 549 (Pa. Super. 1998). A trespasser is one who enters another's land with no

consent or privilege to do so, while a licensee is present on the land with the possessor's

consent. *Palange v. City of Philadelphia, Law Dept.*, 640 A.2d 1305, 1308 (Pa. Super.

1994) (quoting Second Restatement of Torts, §§329, 330.) An invitee is one who is

present upon the land either for the purpose that the land was made public or for activities

connected the possessor's business interests. *Id.* (quoting Second Restatement of Torts,

§332). The determination of the category an individual on another's land falls into is a

question for the jury. *Id.* at 1307.

Possessors of land owe no duty to a trespasser upon their land except the

avoidance of "willful or wanton misconduct." *Dudley v. USX Corp.*, 606 A.2d 916, 921

(Pa. Super. 1992). A possessor may be held liable for injury to a licensee by a condition

on the land if the possessor knows or has reason to know of the condition and its potential

danger to entrants upon the land, the possessor fails to correct the condition or warn the

licensee(s) of its presence, and the licensee(s) do not know or have reason to know of the

danger. *Sharp v. Luska*, 269 A.2d 659, 661 (Pa. 1970) (quoting Second Restatement of

Torts, §342). The duty of care extends one step further for invitees, demanding that a

2

ssessor not only protect invitees against known dangers but also to take reasonable care to eliminate the risk of any foreseeable harm that may come to an invitee while on the property. *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983).

The Superior Court addressed facts and circumstances similar to the instant case in *Ott v. Unclaimed Freight Co.*, 577 A.2d 894 (Pa. Super. 1990). In *Ott*, the plaintiff was injured by a patch of ice while using a parking lot as a shortcut. *Id.* at 895. As *Ott* was an appeal from summary judgment, the record was unclear on the status of the plaintiff as an entrant on land. *Id* at 896. Even with the ambiguity in the record, the Superior Court determined that in such a situation plaintiff was not an invitee but was either a licensee or a trespasser.[1] *Id.* The Superior Court has also held that if a plaintiff's status between those two categories is disputed at trial, "the classification of [the plaintiff] as either a trespasser or a licensee should [be] resolved by the jury." *Long v. Manzo*, 682 A.2d 370, 373 (Pa. Super. 1996).

The evidence presented before this Court demonstrated that Plaintiff, as in *Ott*, was not an invitee. Plaintiff was cutting through Defendant's property as a shortcut to his destination. (N.T. 5/21/13 at 10) He admitted that when he was on Defendant's property the day he was injured he had no business with Defendant, was not visiting any patient at Defendant, nor en route to treatment at Defendant. (N.T. 5/21/13 at 38) Plaintiff was not on Defendant's land for Defendant's purpose and he was thus not an invitee at the time he was injured. With invitee eliminated, the jury only needed to consider whether Plaintiff was a licensee or a trespasser.

---

[1] The distinction between licensee and trespasser was not required for the resolution of the appeal in *Ott*.

3

Evidence to support Plaintiff's status as either a licensee or a trespasser was presented to the jury. Plaintiff admitted he was crossing Defendant's property as a shortcut and he had no business with Defendant, from which a jury could infer that Plaintiff was a trespasser. *Id.* Conversely, Plaintiff also testified that the gate of Defendant's parking lot was always open and that others used the parking lot as a shortcut, from which a fact finder could could infer Defendant's consent and thus provide Plaintiff with licensee status. (N.T. 5/21/13 at 9) As stated above, the resolution of an individual's status on another's land lies in the control of the jury, and this Court entrusted the jury with that decision. *Palange*, 640 A.2d at 1307; *Long*, 682 A.2d at 373.

This Court charged the jury on the definitions and duties of care of licensees and trespassers directly from the Pennsylvania Suggested Standard Jury Instructions. Instructions 18.00, 18.20, 18.30, 18.50, and 18.60 were read to the jury verbatim, both in this Court's charge and again when the jury requested it during deliberations. (N.T. 5/22/13 at 21, N.T. 5/23/13 at 6) To ensure that the jury resolved Plaintiff's categorization, the first question on the jury verdict sheet specifically asked, "Was plaintiff a licensee or was plaintiff a trespasser?" (N.T. 5/22/13 at 32) Based on the answer to that threshold question, the verdict sheet then guided the jury to questions based on the appropriate standard of care owed by Defendant – "willful or reckless misconduct" for trespasser and basic negligence for licensee. (N.T. 5/22/13 at 33) The jury returned a unanimous verdict that Plaintiff was a trespasser, and that Defendant did not commit any willful or reckless misconduct. (N.T. 5/23/13 at 14)

This Court properly applied the law of this Commonwealth in determining Plaintiff's status as an entrant upon Defendant's land. No evidence was presented that

4

)intiff was an invitee, and thus no charge or jury question on that matter was warranted. Evidence was presented before this Court that could lead a reasonable factfinder to infer that Plaintiff was either a licensee or a trespasser. That factual dispute was directly presented to the jury, which returned a verdict that Plaintiff was a trespasser. As such, any of Plaintiff's contentions that this Court erred in that process are without merit.

Next, Plaintiff alleges this Court erred in granting Defendant's Motion in Limine 13033061, which precluded the testimony of certain individuals who were allegedly Defendant's employees. Defendant moved *in limine* to exclude Plaintiff's testimony of statements by two unidentified declarants as hearsay. The declarants allegedly called for help after Plaintiff fell and told him that there was "always accumulating snow in this area over the years." (N.T. 5/20/13 at 9) Plaintiff wished to introduce this evidence as statements of a party opponent, as Plaintiff claimed they were employees of Defendant. (N.T. 5/20/13 at 10) However, the only evidence available prior to trial that these declarants were Defendant's employees or agents was Plaintiff's deposition testimony that their lab coats had a "nametag" that he could not identify. (N.T. 5/20/13 at 8) With no direct link present in the record between the declarants and Defendant, this Court granted Defendant's motion *in limine* and excluded the testimony. (N.T. 5/20/13 at 20)

This testimony fell under Pennsylvania Rule of Evidence 803(25)(D), a statement offered against a party opponent that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]" The rule follows by stating that such a statement "does not by itself establish...the existence or scope of the relationship under (D)[.]" Pa.R.E. 803(25). For such a statement to be admissible, the proponent must establish that the declarant was in fact an employee of the party

5

ponent. *Sehl v. Vista Linen Rental Service Inc.*, 763 A.2d 858, 862 (Pa. Super. 2000). The determination of that employment relationship lies within the discretion of the trial judge, who may rightfully exclude testimony if that relationship is not definitively established. *Id.* at 863.

The circumstances of the instant case are remarkably similar to those found in *Harris v. Toys "R" Us-Penn, Inc.*, 80 A.2d 1270 (Pa. Super. 2005). In *Harris*, the plaintiff was struck by a toy that fell from a high shelf. *Harris,* 880 A.2d at 1272. The declarant at issue in the case, allegedly an employee of the defendant, ran over to plaintiff and apologized to her for not placing the toy back on the shelf properly. *Id.* at 1273. However, plaintiff testified that she was not wearing her glasses when she saw the declarant, she did not see a nametag on the declarant, she could not give any sort of specific description of him, nor did she ever see or speak to him again after the alleged statements. *Id.* at 1275. Plaintiff's daughter, who also witnessed the incident, gave the only specific indication that the declarant was an employee of defendant by alleging he was wearing a shirt with the "Toys R Us" logo. *Id* at 1276. Yet even this testimony was vague, because plaintiff's daughter could not remember the color of the shirt nor could she give any sort of specific physical description of the declarant other than a young white male. *Id* at 1277. Presented with these unclear facts, the trial court in *Harris* refused to permit testimony of the declarant's statement and the Superior Court upheld the trial court's decision. *Id.*

In the instant case, there was no clear evidence presented to establish that the declarants were in fact employees of Defendant. The pretrial motion *in limine* was granted because the pretrial record contained no evidence that the declarants were in fact

6

nnected to Defendant, only that they were two unidentified females wearing white lab coats with nametags. (N.T. 5/20/13 at 20) At trial, Plaintiff testified about seeing the two unknown females, but this time stated that the lab coats had "a 'T' on the side" which he recognized as Defendant's insignia. (N.T. 5/21/13 at 19) This testimony provided more detail about the declarants than Plaintiff's deposition or any other part of the pretrial record, and opened the possibility that the declarants were indeed employees of Defendant. (N.T. 5/21/13 at 21) As a result, this Court allowed Plaintiff the opportunity to lay a foundation to establish the connection between Defendant and declarants. (N.T. 5/21/13 at 22)

Plaintiff then testified that two of his personal doctors, who were part of Defendant's hospital system, wore a coat with a similar insignia. (N.T. 5/21/13 at 22) However, when asked if he had ever seen anyone but doctors wearing such a coat, Plaintiff replied that "Sometimes on Broad Street you see them wearing in the street [sic]." *Id.* This vague assertion was insufficient to establish the declarants' relationship with Defendant and closed the door to any testimony by them. Plaintiff's counsel did not return to the issue throughout the rest of trial. The additional foundation testimony which this Court still did not establish that the declarants were Defendant's employees, and as such this Court did not err in refusing to admit the statements.

7

**WHEREFORE,** for all of the reasons stated above, the Order entering judgment should be affirmed.

BY THE COURT:

_____
ROBINS NEW, J.

8