J-S56018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CLARISSA GAMBLE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL ANDERSON, GEORGE KINSLER, S3 ENTERPRISES, LLC, CHARLES MORRISON, LARRY DABNEY, AND CITY OF PHILADELPHIA | |
| APPEAL OF: S3 Enterprises, LLC | No. 705 EDA 2017 |

Appeal from the Judgment Entered March 3, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No: August Term, 2014 No. 2317

BEFORE:  BOWES, STABILE, and PLATT[*], JJ.

MEMORANDUM BY STABILE, J.:          **FILED NOVEMBER 28, 2017**

Appellant, S3 Enterprises, LLC ("S3"), appeals from the judgment entered on March 3, 2017 in the Court of Common Pleas of Philadelphia County in favor of Appellee, Clarissa Gamble ("Gamble") and against S3.[1]  S3

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On August 16, 2016, a jury returned a verdict in favor of Gamble and against S3.  S3 filed a motion for post-trial relief, which was denied by order entered December 22, 2016.  S3 filed an appeal to this Court before judgment was entered on the verdict.  By Order of March 3, 2017, S3 was directed to enter judgment on the verdict and was advised that, upon compliance with Pa.R.A.P. 301, the notice of appeal previously filed would be considered filed after entry of the judgment.  S3 filed its praecipe for entry of judgment the same day. Therefore, the appeal is properly before this Court.

contends it is entitled to a new trial based on trial court error for refusing to give two requested jury instructions. Following review, we affirm.

As the trial court explained:

> On April 8, 2013, [Gamble] left her home in the 4500 block of North Broad Street to go to work. As she was walking along the sidewalk in front of the property at 4524 N. Broad Street and the vacant lot at 4526 N. Broad Street, [Gamble's] feet got stuck in a crack in the pavement of the sidewalk. As she tried to get her foot unstuck, she fell forward and landed on her knees, stomach and chin. [Gamble] suffered injuries as a result of her fall.
>
> [Gamble] filed a negligence action against various property owners, including [] Michael Anderson and [S3], as well as the City of Philadelphia. Following a jury trial, the jury returned a verdict in favor of [Gamble] and against [S3] in the amount of $65,000.

Trial Court Rule 1925(a) Opinion, 5/9/17, at 1.[2]

On appeal, S3 asks us to consider two issues:

A. Did the trial court commit reversible error by refusing to give [S3's] proposed point for charge 5, Standard Pennsylvania Jury Instruction 18.50 (Civ), duty of property owner to a licensee?

B. Did the trial court commit reversible error by refusing to give [S3's] proposed point for charge 9, Standard Pennsylvania Jury Instruction 13.220 (Civ), assumption of risk?

Appellant's Brief at 2-3 (some capitalization omitted).

---

[2] At the conclusion of the Gamble's case-in-chief, the trial court granted a nonsuit in favor of defendant City of Philadelphia for failure to establish notice under Political Subdivisions Tort Claims Act, 42 Pa.C.S.A. § 8542(b)(7) (Sidewalks). *See* Notes of Testimony ("N.T."), Trial, 8/15/16, at 179-80. The jury subsequently found the owner of an adjacent property, defendant Michael Anderson, not negligent.

When reviewing a challenge to the trial court's refusal to give specific jury instructions, our standard of review is limited to determining whether the trial court committed a clear abuse of discretion or an error of law that controlled the outcome of the case. **Commonwealth v. Sandusky**, 77 A.3d 663, 667 (Pa. Super. 2013) (quotation omitted). Moreover,

> A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

**Amato v. Bell & Gossett,** 116 A.3d 607, 621 (Pa. Super. 2015) (quoting **Sandusky**, 77 A.3d at 667 (Pa. Super. 2013) (citation omitted)). Further, as our Supreme Court has explained, "[t]he Suggested Standard Jury Instructions themselves are not binding and do not alter the discretion afforded trial judges in crafting jury instructions; rather, '[a]s their title suggests, the instructions are guides only.'" **Commonwealth v. Simpson**, 66 A.3d 253, 274 n. 24 (Pa. 2013) (quoting **Butler v. Kiwi, S.A.**, 604 A.2d 270, 273 (Pa. Super. 1992)).

In its first issue, S3 argues the trial court erred in refusing to give S3's requested jury instruction relating to the duty of care owed to a licensee, such as Gamble, by the owner of land. "The duty owed a licensee in Pennsylvania

- 3 -

was established by our Supreme Court in **Sharp v. Luksa**, 440 Pa. 125, 269 A.2d 659 (1970), when it adopted the language of section 342 of the Restatement (Second) of Torts." **Cresswell v. End**, 831 A.2d 673, 677 (Pa. Super. 2003). Section 342 provides:

> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.

Restatement (Second) of Torts § 342.

The instruction requested by S3 is as follows:

**18.50 (Civ) [OWNER] [OCCUPIER] OF LAND (DUTY OF CARE OWNED TO LICENSEES GENERALLY**

> A person walking upon a sidewalk in front of a landowner's property is deemed a licensee under Pennsylvania law. **Palange v. City of Philadelphia**, 640 A.2d 1305 (Pa. Super. Ct. 1994).

> An [owner] [occupier] of land is required to use reasonable care to make the land as safe as it appears, or to disclose to the licensees the risks they will encounter. An [owner] [occupier] of land is liable for harm cause to the licensees by a condition of the land, if

> 1. The [owner] [occupier] of land knows or has reason to know of the condition, should realize that it involves an unreasonable risk of harm, and should expect that the licensees will not discover or realize the danger, and

2. The [owner] [occupier] fails to use reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

3. The licensees do not know or have reason to know of the condition and the risk involved.

Appellant's Proposed Points for Charge 5, 11/22/16 at 7.[3]

Before charging the jury, the trial judge conducted a charging conference. With respect to requested Charge 5, the court explained, "[A]s to the more specific [requested] instruction regarding duties to licensee, given the fact that the same instructions have a specific instruction on the duty of care for someone in the possession of land for sidewalks, that specific instruction will control, and your exceptions are otherwise noted." N.T., Trial, 8/16/16, at 11. Rather than deliver S3's requested instruction, the trial court delivered an instruction incorporating Suggested Standard Jury Instruction 18.80, relating to the duty of care for the possessor of land abutting a sidewalk, stating:

> Negligent conduct may consist either of an act or [omission] to act when there's a duty to do so. In other words, negligence is the failure to do something which a reasonably careful person would do or that doing something which a reasonably careful

---

[3] We note that the title given to the proposed instruction implies that it is the suggested standard instruction. However, the suggested instruction does not include any reference to **Palange**. As such, the requested instruction was not a suggested standard instruction. Further, as Gamble notes, the suggested standard instruction indicates that the owner or occupier of land is required to use reasonable care to make the land as safe as it appears or to disclose to licensees the risks they will encounter. Appellee's Brief at 9. There was no evidence that S3 did either. **Id.** (citing N.T. 8/15/16, at 54-57 and 63-66).

person would not do in light of all the surrounding circumstances established by the evidence in this case.

It is for you to determine how a reasonable person would act in these circumstances. Let me explain the specific duty of care that is at issue in this case.

A person in possession of land is required to maintain the abutting public sidewalks in a reasonably safe condition to prevent or eliminate any hazard or unsafe condition that, upon all the circumstances involved, would be a reasonable (*sic*) risk of harm to pedestrians properly using the sidewalks.

N.T., Trial, 8/16/16, at 105. The trial court further instructed the jury on

Gamble's burden of proving negligence on the part of the defendants and

the defendants' burden of proving negligence on the part of Gamble. ***Id.***

at 103-04, 110-11.

In its Rule 1925(a) opinion, the trial court explained:

In Pennsylvania, it is well-settled law that a property owner has a duty to keep the sidewalk of their property in a reasonably safe condition for travel by the public. Property owners must maintain their sidewalks so that they do not present an unreasonable risk of harm to pedestrians.

. . . .

Here, [S3's] corporate designee, Ajay Singhal, testified that he owned several properties in the city as investments and that he managed the properties himself. With respect to the property where [Gamble] fell, Singhal visited that property occasionally to mow the grass or to clear the lot. He testified that the condition of the sidewalk in front of the property was essentially the same as the date on which he purchased the property. Singhal admitted that the condition of the sidewalk posed a tripping hazard if a person was not careful. There was no evidence that Singhal made any effort to repair the sidewalk.

[Gamble] testified that she lived on the same side of the block where [S3's] property was located for approximately a year and

that she walked by the property twice a day. [Gamble] was aware of the deteriorated condition of the sidewalk. She described it as "broken, uneven, cracked, sinking." [N.T. 8/15/16] at 120. She testified that she was careful when she walked on that sidewalk because she knew she could potentially trip and fall and injure herself.

Trial Court Rule 1925(a) Opinion, 5/9/17, at 4-5 (citations and some references to notes of testimony omitted).

We find the court's instructions, taken as a whole, were proper. We do not find any clear abuse of discretion or error of law on the part of the trial court in rejecting the requested instruction in favor of a suggested standard instruction that addressed the specific duty owed by the possessor of land abutting a sidewalk. The instruction properly informed the jury of the duty owed by S3, accurately described the law, and did not mislead the jury. Again, the trial court has broad discretion in fashioning its jury instructions and is not required to deliver every requested charge. S3's first issue fails.

S3 next complains that the trial court erred in refusing to deliver an assumption of risk charge based on Suggested Standard Jury Instruction 13.220 (Civ). As the trial court explained, "Given the fact I'm instructing on comparative negligence, the assumption of risk instruction is no longer warranted. Those instructions, at least according to the standard instructions, are limited to strict liability cases; or where it's provided by statute[.]" N.T. Trial, 8/16/16, at 11. In its 1925(a) opinion, the trial court observed:

The Subcommittee Note to Pennsylvania Suggested Standard Civil Jury Instruction 13.220, entitled "Plaintiff's Assumption of Risk," states that "No jury instruction is provided here because

assumption of the risk is a question for the court to decide upon a nonsuit motion and not a matter for jury determination in negligence actions." The Note further explains, while the defense of assumption of risk has generally been replaced by comparative negligence, it still remains a viable defense under certain specific situations, such as in strict liability cases or where it is specifically preserved by statute.

Trial Court 1925(a) Opinion, 5/9/16, at 7.

Here, S3 did not request a nonsuit based on assumption of risk. Clearly, the case did not involve strict liability or a statute preserving assumption of risk. Rather, the case was one of simple negligence, asking the jury to determine whether S3 was negligent for failure to satisfy its duty as the possessor of land abutting a sidewalk, and further asking the jury if Gamble acted reasonably under the circumstances, knowing the deteriorated condition of the sidewalk. The trial court appropriately instructed the jury on comparative negligence. We find no error in the court's refusal to instruct the jury on assumption of risk. S3's second issue lacks merit.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2017